**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
JASON LEOPOLD, BUZZFEED, INC.,                      )
                                                    )
                          Plaintiffs,               )
                                                    )
           v.                                       )        Civil Action No. 19-cv-1278 (CKK)
                                                    )
UNITED STATES DEPARTMENT OF                         )
JUSTICE, et al.                                     )
                                                    )
                          Defendants.               )
_____ )

<u>**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**</u>

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................................... 1

BACKGROUND ......................................................................................................................... 2

I.      Plaintiffs' FOIA Requests ................................................................................................ 2

II.     The Instant Litigation ....................................................................................................... 4

III.    Plaintiffs' Refusals to Narrow Their Requests ................................................................ 4

IV.    The Massive Anticipated Volume of Records Responsive to Plaintiffs' Request
        for "All SCO Records" ..................................................................................................... 6

STANDARD OF REVIEW ......................................................................................................... 9

ARGUMENT ............................................................................................................................... 9

I.      Plaintiffs' Request for "All SCO Records" is Overbroad and Must Be Dismissed ........... 9

II.     Plaintiffs' Request for All Records "Used By" the Special Counsel's Office
        "During the Drafting and Preparation of" the Mueller Report is Impermissibly
        Vague and Must be Dismissed .......................................................................................... 13

CONCLUSION .......................................................................................................................... 17

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*American Federation of Government Employees, Local 2782 v. Department of Commerce*,
  907 F.2d 203 (D.C. Cir. 1990).................................................................. 4, 10, 11, 12

*Assassination Archives & Research Ctr., Inc. v. CIA*,
  720 F. Supp. 217 (D.D.C. 1989), *aff'd in pertinent part*,
  No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990)................................. 10, 14

Bowman v. District of Columbia,
  562 F. Supp. 2d 30 (D.D.C. 2008)........................................................................ 9

Church of Scientology of Cal. v. IRS,
  792 F.2d 146 (D.C. Cir. 1986)............................................................................ 13

Dale v. IRS,
  238 F. Supp. 2d 99 (D.D.C. 2002)........................................................... 10, 14, 16

Dixon v. U.S. Dep't of Justice,
  279 F. Supp. 3d 1 (D.D.C. 2017), *aff'd*,
  No. 17-5223, 2018 WL 4610736 (D.C. Cir. Sept. 10, 2018) ............................... 10

Fonda v. CIA,
  434 F. Supp. 498 (D.D.C. 1977).................................................................. 10, 15

*Freedom Watch v. State*,
  925 F. Supp. 2d 55 (D.D.C. 2013).............................................................. 11, 13

*Freedom Watch, Inc. v. CIA*,
  895 F. Supp. 2d 221 (D.D.C. 2012).................................................................. *passim*

Guance v. Burnett,
  849 F.2d 1475 (9th Cir. 1988) ............................................................................ 11

Int'l Counsel Bureau v. Dep't of Defense,
  723 F. Supp. 2d 54 (D.D.C. 2010).................................................................. 10, 11

Irons v. Schuyler,
  465 F.2d 608 (D.C. Cir. 1972)............................................................................ 10

Judicial Watch, Inc. v. Clinton,
  880 F. Supp. 1 (D.D.C. 1995).............................................................................. 9

*Judicial Watch, Inc. v. Dep't of State*,
  681 F. App'x 2 (D.C. Cir. 2017) .................................................................. 10, 13

*Judicial Watch, Inc., v. Export-Import Bank,*
    108 F. Supp. 2d 19 (D.D.C. 2000) ............................................................. 14, 16

*Kowalczyk v. Dep't of Justice,*
    73 F.3d 386 (D.C. Cir. 1996) ............................................................................. 14

*Leopold v. Dep't of Justice,*
    301 F. Supp. 3d 13 (D.D.C. 2018) ........................................................................ 9

*Maniaci v. Georgetown Univ.,*
    510 F. Supp. 2d 50 (D.D.C. 2007) ........................................................................ 9

*Marks v. Dep't of Justice,*
    578 F.2d 261 (9th Cir. 1978) ............................................................................. 10

*Mason v. Callaway,*
    554 F.2d 129 (4th Cir. 1977) ............................................................................. 10

*Massachusetts v. DHHS,*
    727 F. Supp. 35 (D. Mass. 1989) ........................................................................ 14

*Moore v. FBI,*
    883 F. Supp. 2d 155 (D.D.C. 2012) ..................................................................... 14

*Nation Magazine, Wash. Bureau v. U.S. Customs Serv.,*
    71 F.3d 885 (D.C. Cir. 1995) ........................................................................ 10, 13

*Patino-Restrepo v. Dep't of Justice,*
    No. 17-5143, 2019 WL 1250497 (D.C. Cir. 2019) ................................................. 10

*Sack v. CIA,*
    53 F. Supp. 3d 154 (D.D.C. 2014) ............................................................... *passim*

*Schrecker v. Dep't of Justice,*
    349 F.3d 657 (D.C. Cir. 2003) ........................................................................... 10

*Truitt v. Dep't of State,*
    897 F.2d 540 (D.C. Cir. 1990) ............................................................................. 9

**STATUTES**

5 U.S.C. § 552 ............................................................................................................. 9

**RULES**

Fed. R. Civ. P. 12 ........................................................................................................ 9

**REGULATIONS**

28 C.F.R. § 16.3 .................................................................................................................... 9

28 C.F.R. § 600.4 ................................................................................................................. 3

28 C.F.R. § 600.8 ............................................................................................................... 12

**OTHER AUTHORITIES**

Order No. 3915-2017, *Appointment of Special Counsel to Investigate Russian
    Interference with the 2016 Presidential Election and Related Matters*,
    https://www.justice.gov/opa/press-release/file/967231/download ....................................... 3, 12

Report On The Investigation Into Russian Interference In The 2016 Presidential Election,
    https://www.justice.gov/storage/report.pdf .............................................................. 12

## INTRODUCTION

Under the Freedom of Information Act ("FOIA"), a request for information to an agency must "reasonably describe[]" the records sought.  Requests that lack sufficient particularity or are so broad as to impose an unreasonable burden upon the agency are not valid requests that an agency need not honor.  Several of the FOIA requests at issue in this case are not valid requests because they impose unreasonable burdens upon the Department of Justice (the "Department" or "DOJ") and/or fail to properly describe the records sought, and should therefore be dismissed from the case.

Plaintiffs, Jason Leopold and BuzzFeed, Inc., submitted to Defendant, the Department of Justice,[1] a FOIA request for *all* records from the Office of the Special Counsel  (the "Special Counsel's Office" or "SCO") during the entirety of its nearly two-year investigation into election interference efforts emanating from Russia.  This sweeping request would require DOJ to process millions of pages of responsive records, thereby imposing an unreasonable burden on the Department.  Even after being informed of the estimated enormous volume of responsive records, Plaintiffs refused to narrow their request in any respect.

Another of Plaintiffs' FOIA requests imposes an unreasonable burden on the Department because it lacks sufficient particularity.  Plaintiffs request all records "used by" the Special Counsel's Office during the "drafting and preparation of" the 448-page Report On The Investigation Into Russian Interference In The 2016 Presidential Election (the "Mueller Report" or "Report").  Although DOJ proposed to narrow that request to materials cited in the Report not

---

[1] In their Complaint, Plaintiffs name as defendants the following entities and individual: "U.S. Department of Justice," "DOJ Office of Attorney General," "DOJ Deputy Attorney General," "DOJ Office of Special Counsel," and "Federal Bureau of Investigation." Compl. at 1, ECF No. 1. Because the Office of the Attorney General, the Deputy Attorney General, the Office of the Special Counsel, and the Federal Bureau of Investigation are part of the Department of Justice, Defendant's position is that the Department of Justice is the only proper defendant in this matter.

in the public domain—which would be a large, but discrete, volume of records—Plaintiffs refused to narrow their request in any respect.

As is apparent from the face of Plaintiffs' Complaint, these FOIA requests are overbroad and are not reasonably described. Accordingly, the Court should dismiss these FOIA requests from the case.

## BACKGROUND

### I.   Plaintiffs' FOIA Requests

Plaintiffs have submitted numerous FOIA requests—some with multiple parts—to the Department of Justice and the Federal Bureau of Investigation ("FBI") related to Special Counsel Robert S. Mueller, III's investigation into election interference efforts emanating from Russia. Six of those requests are at issue in Plaintiffs' Complaint, and two of the requests are at issue in this motion.

On March 21, 2019, Plaintiffs submitted the following request to DOJ for "any and all records" "used by" the Special Counsel's Office "during the drafting and preparation" of the 448-page Mueller Report:

> I request disclosure from the Office of Attorney General, the Deputy Attorney General, and the Office of Special Counsel Robert Mueller the following records:
>
> 1. Copies of any and all records, which includes but is not limited to FBI 302s, emails, memos, letters, charts, used by the Office of Special Counsel Robert Mueller during the drafting and preparation of its FINAL REPORT relating to the Office's investigation into: any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald

Trump; and (ii) any matters that arose or may arise directly from the investigation; and (iii) any other matters within the scope of 28 C.F.R. § 600.4(a).[2, 3]

Answer, Exh. A (FOIA request), ECF No. 14-1; Statement of Facts ("SOF") ¶ 7.  DOJ assigned this request the tracking number DOJ-2019-003098.  *See* Answer, Exh. B (DOJ Response), ECF No. 14-2; SOF ¶ 8.

On March 25, 2019, Plaintiffs submitted the following request to DOJ for all records from the Special Counsel's Office:

> I request disclosure from the Office of Special Counsel Robert Mueller the following records:
>
> 1. All documents and records collected, maintained and stored by the Office of Special Counsel Robert Mueller since May 17, 2017 during the Office's investigation into: any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and (ii) any matters that arose or may arise directly from the investigation; and (iii) any other matters within the scope of 28 C.F.R. § 600.4(a).[4]

Answer, Exh. G (FOIA request), ECF No. 14-7; SOF ¶ 9.  The "short description" of this request was for "all SCO records."  Answer, Exh. G (FOIA request), ECF No. 14-7; SOF ¶ 10.  DOJ

---

[2] This is the full text of Plaintiffs' request, except for a footnote referencing the DOJ Order appointing the Special Counsel.  *See infra* n.3.  Although Plaintiffs appear to have begun a list by stating "1.  Copies of any and all records . . .", there is no "2."  *See* Answer, Exh. A (FOIA request), ECF No. 14-1.

[3] The two FOIA requests at issue both contain the following language: "any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and (ii) any matters that arose or may arise directly from the investigation; and (iii) any other matters within the scope of 28 C.F.R. § 600.4(a)."  *See* Answer, Exh. A, G (FOIA requests), ECF Nos. 14-1, 14-7.  This language is from the DOJ Order appointing Mr. Mueller as Special Counsel and describes the scope of the Special Counsel's investigation.  *See* Order No. 3915-2017, *Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters*, https://www.justice.gov/opa/press-release/file/967231/download.

[4] Here again, although Plaintiffs appear to have begun a list by stating "1.  All documents and records . . .", there is no "2."  *See* Answer, Exh. G (FOIA request), ECF No. 14-7.

assigned this request the tracking number DOJ-2019-003143.  *See* Answer, Exh. H (DOJ Response), ECF No. 14-8; SOF ¶ 11.

## II.     The Instant Litigation

On May 2, 2019, Plaintiffs filed their Complaint.  ECF No. 1.  Defendant filed its answer to the Complaint on June 13, 2019.  Answer, ECF No. 14.  In its answer, Defendant raised the defense that "Plaintiffs' FOIA requests are overbroad and/or not reasonably described."  *Id.* at 7. The pleadings are now closed, and partial judgment on the pleadings is warranted for Defendant under Rule 12(c) of the Federal Rules of Civil Procedure.

## III.    Plaintiffs' Refusals to Narrow Their Requests

On June 12, 2019, counsel for DOJ proposed that Plaintiffs strike or narrow their request for all SCO records because the request is overbroad and the volume of responsive records poses an undue burden on the Department.  Exh. C at 2–3 (emails between counsel dated from June 12, 2019, through June 19, 2019); SOF ¶ 12.  On June 15, Plaintiffs' counsel stated that Plaintiffs "aren't inclined to narrow" the request, expressing the view that the "volume of records to process is not a valid objection."  Exh. C at 2; SOF ¶ 13.  On June 19, DOJ counsel "disagree[d] that an overbroad request is not a valid objection," and, referencing *American Federation of Government Employees, Local 2782 v. Department of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990), counsel further stated that "courts have recognized that an overbroad request provides a basis for the agency to not comply with the request."  Exh. C at 1; SOF ¶ 14.  That same day, Plaintiffs' counsel "disagree[d] that [DOJ] established that compliance would be unreasonable," and further stated that Plaintiffs "are prepared to litigate that issue."  Exh. C at 1; SOF ¶ 15.

Upon further review of Plaintiffs' FOIA requests, on July 12, counsel for DOJ proposed that Plaintiffs narrow their request for all records "used by" SCO in the "drafting and preparation"

of the Mueller Report to material cited in the Report that is not in the public domain.  Exh. D at 2–3 (emails between counsel dated from June 12, 2019, through July 29, 2019); SOF ¶ 16.

On July 15, the parties submitted a joint status report, in which DOJ provided its estimate of the number of records responsive to Plaintiffs' request for all records from the Special Counsel's Office.  *See* Joint Status Report at 6–7, ECF No. 20.  Because DOJ's Office of Information Policy ("OIP") and the FBI are responsible for processing different sets of SCO records, DOJ provided estimates from both OIP and FBI.  *See id.*  As stated in the joint status report,

> Defendant estimates that the approximate number of responsive records that OIP would process is as follows:
>
> • 11 terabytes of non-email digital data, which is the approximate equivalent of 825 million pages (assuming each terabyte consists of 75 million pages); and
>
> • 318 gigabytes of email, which is the approximate equivalent of over 215 million pages (assuming each gigabyte consists of 677,963 pages).
>
> Defendant estimates that the approximate number of responsive records that FBI would process is as follows:
>
> • More than 2 million pages of investigative records that are not on media devices; and
>
> • More than 2,300 media devices that have a combined storage capacity of 240 terabytes of data. If these devices are filled to capacity, this is the approximate equivalent 18 billion pages.
>
> Defendant represents that it cannot process records responsive to this request within any reasonable amount of time.

*Id.*

On July 26, because Plaintiffs' counsel had not responded to DOJ's proposals to narrow, DOJ counsel further inquired whether Plaintiffs would agree to narrow their requests.  Specifically, DOJ counsel inquired as to whether Plaintiffs would narrow their request for all SCO records and for all records "used by" the Special Counsel's Office in the "drafting or preparation" of the

Mueller Report.  Exh. D at 1 (emails between counsel dated from June 12, 2019, through July 29, 2019); SOF ¶ 18.

On July 29, Plaintiffs refused to narrow either request in any respect.  Exh. D at 1; SOF ¶ 19.

## IV.  The Massive Anticipated Volume of Records Responsive to Plaintiffs' Request for "All SCO Records"

OIP and FBI are responsible for responding to FOIA requests for different, albeit related, portions of the SCO records collection.  *See* Exh. A (Declaration of Vanessa Brinkmann ¶ 6 (Aug. 23, 2019) (hereinafter, "Brinkmann Decl.")); Exh. B (Declaration of David Hardy ¶ 5 (Aug. 9, 2019) (hereinafter, "Hardy Decl.")); SOF ¶¶ 20, 29.  The FBI maintains the SCO investigative records in its Central Records System and is responsible for processing FOIA requests for SCO investigative records.  Hardy Decl. ¶¶ 5, 11; *see also* Brinkmann Decl. ¶¶ 6, 10, 11; SOF ¶¶ 20, 21.  The remainder of the SCO records collection is maintained by the DOJ Justice Management Division ("JMD").  Brinkmann Decl. ¶ 6; SOF ¶ 29.  OIP is responsible for processing FOIA requests for the SCO records maintained by JMD.  Brinkmann Decl. ¶¶ 6, 10; SOF ¶ 29.

By any account, "[t]he volume of SCO records is massive."  Brinkmann Decl. ¶ 13; *see also* Hardy Decl. ¶ 24.  JMD's SCO records collection falls into three broad categories:  (1) non-email digital data electronic files, (2) email, and (3) paper files.  Brinkmann Decl. ¶ 13; SOF ¶ 30. As to the first category, there are **11 terabytes** of non-email digital data electronic files, which includes the electronic documents saved in various file formats.  Brinkmann Decl. ¶¶ 13, 14; SOF ¶ 31.  For conversion purposes, one terabyte is generally estimated to equal approximately 75 million pages.  Brinkmann Decl. ¶ 18; SOF ¶ 32.  Thus, the 11 terabytes of electronic files maintained by JMD potentially contains 825 million pages.  Brinkmann Decl. ¶ 18; SOF ¶ 32.

As to the second category, there are **383 gigabytes** of email[5] (including calendars created on Microsoft Outlook), which consists of the full email account for every person who worked within SCO (including attorneys, FBI agents, and other staff) at any point during the Office's over two-year existence. Brinkmann Decl. ¶¶ 13, 15; SOF ¶ 33. One gigabyte of email files is generally estimated to equal approximately 677,963 pages. Brinkmann Decl. ¶ 18; SOF ¶ 34. Thus, the 383 gigabytes of email maintained by JMD potentially contains over 250 million pages. Brinkmann Decl. ¶ 18; SOF ¶ 34.

And as to the third category, there are approximately **180 boxes** of paper records in the JMD portion of the collection. Brinkmann Decl. ¶¶ 13, 19; SOF ¶ 35. Although an accurate page count cannot be provided for the paper records until the compilation and scanning of the records in the boxes is complete, typically one records box contains approximately 2,000–2,250 pages. Brinkmann Decl. ¶ 19; SOF ¶ 36. For 180 boxes, this translates to approximately 360,000 to 405,000 pages. Brinkmann Decl. ¶ 19; SOF ¶ 36.

Combined, the records maintained by JMD may potentially contain over one billion pages. Brinkmann Decl. ¶ 20; SOF ¶ 37. That massive volume encompasses only the records that OIP would be responsible for processing. *See* Brinkmann Decl. ¶ 20; SOF ¶ 37. When the SCO investigative records that are within the FBI's custody are included, these numbers balloon even further.

The FBI retains custody of the SCO files that are housed in its Central Records System ("CRS") and accessed through its Sentinel system.[6] Hardy Decl. ¶ 11; SOF ¶ 21. There are 45

---

[5] The volume previously stated in the Joint Status Report was 318 GB. Joint Status Report at 6–7, ECF No. 20. "Because of the addition of certain shared mailbox data to the email collection, this value is currently 383 GB." Brinkmann Decl. ¶ 15 n.4; SOF ¶ 33 n.1.

[6] As Mr. Hardy describes,

SCO files maintained in the CRS.  Hardy Decl. ¶ 11; SOF ¶ 22.  The estimated volume of records in these 45 files is **in excess of two million pages**.  Hardy Decl. ¶¶ 13, 14; SOF ¶ 23.  This estimate does not include attachments embedded within the files.  Hardy Decl. ¶¶ 14, 16; SOF ¶ 23.

In addition, the FBI has identified over **2,300 electronic media devices** (*e.g.*, CDs, DVDs, thumb drives, hard drives) containing various types of information, data, and documents.  Hardy Decl. ¶ 15(b); SOF ¶ 24.  Although the FBI has not yet been able to extract all of the data from these devices, the FBI has determined that these devices have a combined storage capacity of 240 terabytes of data.  Hardy Decl. ¶¶ 15(b), 16; SOF ¶ 25.  If these devices are filled to capacity, this is the approximate equivalent 18 billion pages.  Hardy Decl. ¶ 15(b); SOF ¶ 26.

Finally, the FBI has custody of various "non-media items," that may include, for example, handwritten notes, exhibits shown during interviews, and productions in response to subpoenas. Hardy Decl. ¶ 15; SOF ¶ 27.  FBI estimates there are approximately **250,000 pages** of "non-media items."  Hardy Decl. ¶ 15(a); SOF ¶ 27.

Neither OIP nor FBI have the resources to process this staggering volume of records.  *See* Brinkmann Decl. ¶¶ 20–21; Hardy Decl. ¶ 25; SOF ¶¶ 28, 38.  Simply put, it is impossible for OIP and FBI to process Plaintiffs' request for "all SCO records."

---

Sentinel is the FBI's next generation case management system.  After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel. Sentinel is the portal used to access records maintained in the CRS, which is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its integrated missions and functions as a law enforcement, counterterrorism, and intelligence agency to include performance of administrative and personnel functions.   The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices worldwide.

Hardy Decl. ¶ 11 n.3.

**STANDARD OF REVIEW**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed[,] . . . a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is analyzed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 58 (D.D.C. 2007).  "Under Rule 12(c), the court must accept the nonmovant's allegations as true and should view the facts in the light most favorable to the nonmovant."  *Bowman v. District of Columbia*, 562 F. Supp. 2d 30, 32 (D.D.C. 2008) (citing *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 7 (D.D.C. 1995)).  "The court should grant a motion for judgment on the pleadings if the movant 'is entitled to judgment as a matter of law.'"  *Id.* (quoting *Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995)).

**ARGUMENT**

I.  **Plaintiffs' Request for "All SCO Records" is Overbroad and Must Be Dismissed.**

FOIA sets forth specific requirements for a valid request, including the requirement that a "request for records . . . *reasonably describe[]* such records." 5 U.S.C. § 552(a)(3)(A) (emphasis added).  Department of Justice regulations likewise require requesters to "describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." 28 C.F.R. § 16.3(b).  "[R]ecords are reasonably described if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort." *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012) (citation omitted); *see also Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990).

"[T]he responsibility [is] firmly on the requester 'to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome.'"  *Leopold v. Dep't of Justice*, 301 F. Supp. 3d 13, 23 (D.D.C. 2018) (quoting *Assassination Archives & Research Ctr.,*

*Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL

123924 (D.C. Cir. Aug. 13, 1990) (per curiam)); *Freedom Watch*, 895 F. Supp. 2d at 229. "Broad,

sweeping requests lacking specificity are not sufficient." *Sack v. CIA*, 53 F. Supp. 3d 154, 163

(D.D.C. 2014) (quoting *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002)); *see also Marks v.*

*Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978) (stating that courts have "held that broad,

sweeping requests lacking specificity are not permissible" (citing *Mason v. Callaway*, 554 F.2d

129 (4th Cir. 1977); *Irons v. Schuyler*, 465 F.2d 608 (D.C. Cir. 1972); *Fonda v. CIA*, 434 F. Supp.

498 (D.D.C. 1977)).

Overbroad and unreasonably burdensome requests are invalid because FOIA was not

intended to allow requesters to conduct a "fishing expedition" through agency files. *Dale*, 238 F.

Supp. 2d at 104–05. Indeed, "there are limits to the lengths to which an agency must go in

responding to a FOIA request." *Schrecker v. Dep't of Justice*, 349 F.3d 657, 664 (D.C. Cir. 2003);

*Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 891–92 (D.C. Cir. 1995).

This limitation protects the ability of federal agencies to prioritize their resources notwithstanding

any obligation to provide access to records under FOIA. *See, e.g.*, *Int'l Counsel Bureau v. Dep't*

*of Defense*, 723 F. Supp. 2d 54, 59–60 (D.D.C. 2010).

The D.C. Circuit has repeatedly recognized that "[a]n agency need not honor a request that

requires an unreasonably burdensome search." *Am. Fed'n of Gov't Emps., Local 2782*, 907 F.2d

at 209 (citation omitted); *Judicial Watch, Inc. v. Dep't of State*, 681 F. App'x 2, 4 (D.C. Cir. 2017)

("[A]n agency need not respond to overly broad and unreasonably burdensome requests."); *Patino-*

*Restrepo v. Dep't of Justice*, No. 17-5143, 2019 WL 1250497, at *1 (D.C. Cir. 2019), *cert filed*,

No. 18-9651 (June 13, 2019); *Nation Magazine*, 71 F.3d at 891–92; *see also Dixon v. U.S. Dep't*

*of Justice*, 279 F. Supp. 3d 1, 5–6 (D.D.C. 2017), *aff'd*, 2018 WL 4610736 (D.C. Cir. Sept. 10,

2018); *Freedom Watch*, 895 F. Supp. 2d at 228; *Freedom Watch*, 925 F. Supp. 2d at 62–63 (dismissing complaint where overbroad requests were "infirm from the beginning" regardless of defendants' response to the requests); *Int'l Counsel Bureau*, 723 F. Supp. 2d at 59 (citing *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6 (D.D.C. 2003)).  Indeed, courts have routinely found FOIA requests to be invalid when they "would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material."  *Am. Fed'n of Gov't Emps.*, 907 F.2d at 209; *Freedom Watch*, 895 F. Supp. 2d at 229; *Sack*, 53 F. Supp. 3d at 163; *see also Guance v. Burnett*, 849 F.2d 1475 (9th Cir. 1988) (unpublished) (rejecting as invalid a plaintiff's FOIA request for "every scrap of paper wherever located in the agency which related to her activity in the world of aviation") (citation omitted).

Plaintiffs' request for "[a]ll documents and records collected, maintained and stored by the Office of Special Counsel Robert Mueller since May 17, 2017," Answer, Exh. G, ECF No. 14-7; SOF ¶ 9, is overbroad and would place an unreasonable burden on the Department of Justice.  As is apparent from the OIP and FBI declarations, processing Plaintiffs' requests for all the records from the Special Counsel's Office would require the Department to review and redact a vast quantity of material.  Indeed, of the non-investigative files, there are 11 terabytes of non-email digital data electronic files; 383 gigabytes of email; and 180 boxes of paper files.  Brinkmann Decl. ¶¶ 13–20; SOF ¶¶ 30–36.  Using conversions from terabytes, gigabytes, and boxes to pages, all of the non-investigative files maintained by JMD potentially contain more than one billion pages. *See* Brinkmann Decl. ¶ 20; SOF ¶ 37.  And of the investigative files, the current estimated volume of potentially responsive records is 2,144,415 to 2,250,000 pages, plus the attachments in files and the contents of the 2,300 electronic devices.  Hardy Decl. ¶¶ 15, 16; SOF ¶ 23.  If the 2,300 electronic devices are filled to capacity, they could contain more than 18 billion pages.  Hardy

Decl. ¶ 15; SOF ¶ 26.  Congress simply did not contemplate agencies processing such a staggering volume of records in response to a FOIA request.  *See Am. Fed'n of Gov't Emps.*, 907 F.2d at 209.

Even aside from those staggering numbers, Plaintiffs' request is overbroad on its face. Plaintiffs request every record from the Special Counsel's Office during its entire existence.  *See* Answer, Exh. G, ECF No. 14-7; SOF ¶ 9.  The Office was staffed with 127 prosecutors, FBI agents, and professional staff.  Brinkmann Decl. ¶ 12; SOF ¶ 1.  These individuals conducted a sweeping national security and criminal investigation into election interference efforts emanating from Russia and matters that arose from that investigation.  *See* Order No. 3915-2017, *Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters*, https://www.justice.gov/opa/press-release/file/967231/download; SOF ¶ 2.  In doing so, the Office investigated and prosecuted numerous individuals and entities over a nearly two-year timeframe.  SOF ¶ 3.  The Special Counsel's Office's work culminated in a 448-page report to the Attorney General pursuant to 28 C.F.R. § 600.8(c).  *See* Report On The Investigation Into Russian Interference In The 2016 Presidential Election, https://www.justice.gov/storage/report.pdf; SOF ¶ 4.  Given the number of its employees, its nearly two-year existence, and the scope of its work, a request for all records from the Special Counsel's Office is plainly overbroad.

Plaintiffs' request for all SCO records is broader than other FOIA requests that courts have found to pose an unreasonable burden on an agency.  For example, in *American Federation of Government Employees*, the D.C. Circuit found that the plaintiffs' requests were overbroad because they "would require the [Census] Bureau to locate every chronological office file and correspondent file, internal and external, for every branch office, staff office, [etc.]."  907 F.2d at 208 (citation omitted).  Significantly, the D.C. Circuit determined that although the requests

"identify the documents requested with sufficient precision to enable the agency to identify them[,] . . . it is clear that these requests are so broad as to impose an unreasonable burden upon the agency." *Id.* at 209.  Similarly, in *Judicial Watch*, the D.C. Circuit determined that a request to the State Department seeking all documents that identify any officials who used private email accounts to conduct official business was overbroad and unduly burdensome.  681 F. App'x at 4–5.  The Court reasoned that "[r]esponding to such a request would have required State to conduct an extensive review of any and all documents referencing a non-state.gov email address in all existing State Department records" and concluded that the "FOIA does not require State to perform such an overly broad and unduly burdensome search." *Id.* at 5 (citing *Church of Scientology of Cal. v. IRS*, 792 F.2d 146, 151 (D.C. Cir. 1986)).  Likewise, in *Nation Magazine*, the D.C. Circuit found that the plaintiffs' request that Customs "search through 23 years of unindexed files for records pertaining to [Ross] Perot . . . would impose an unreasonable burden on the agency." 71 F.3d at 892.  If the requests at issue in *American Federation of Government Employees*, *Judicial Watch*, and *Nation Magazine* were overbroad, it is axiomatic that Plaintiffs' request for all SCO records is overbroad as well.

By any measure, Plaintiffs' request for all SCO records would require Defendant to process a vast quantity of material.  Such a request would impose an unreasonable burden on Defendant, and fails to constitute a valid request under FOIA.  *See Freedom Watch*, 925 F. Supp. 2d at 61–63; *Freedom Watch*, 895 F. Supp. 2d at 228–29.  Therefore, the Court should dismiss Plaintiffs' request for all SCO records from the Complaint.

## II.  Plaintiffs' Request for All Records "Used By" the Special Counsel's Office "During the Drafting and Preparation of" the Mueller Report is Impermissibly Vague and Must be Dismissed.

It is also "the requestor's responsibility to frame requests with sufficient particularity . . . to enable the searching agency to determine precisely what records are being requested."

*Assassination Archives*, 720 F. Supp. at 219; *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) ("A request reasonably describes records if the agency is able to determine precisely what records are being requested." (citation omitted)); *Freedom Watch*, 895 F. Supp. 2d at 229. "The linchpin inquiry is whether the agency is able to determine precisely what records [are] being requested." *Assassination Archives*, 720 F. Supp. at 219 (quoting *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982)). "The rationale for this rule is that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Id.*

Thus, courts have routinely rejected requests seeking vast amounts of material described in broad terms. *See, e.g.*, *Sack*, 53 F. Supp. 3d at 160 (concluding that agency was not required to conduct a search for a request for all records that "pertain[ ] in whole or in part (all years, all classifications)" to a list of closed Inspector General reports because it lacked clarity and was overbroad); *Moore v. FBI*, 883 F. Supp. 2d 155, 163 (D.D.C. 2012) (finding that a request for "information to make easier to locate consciousness-altering technology, or behavioral modification techniques, information regarding the program" was "not reasonably descriptive to trigger the CIA's disclosure obligations"); *Dale*, 238 F. Supp. 2d at 104 (holding that a request for "*any and all* documents, including but not limited to files, that refer or relate in any way to" the plaintiff "amounted to an all-encompassing fishing expedition of files at IRS offices across the country," warranting dismissal); *Judicial Watch, Inc., v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 26–28 (D.D.C. 2000) (concluding that FOIA request for all records pertaining to two individuals and the "companies, entities, and/or persons related or doing or conducting business with the People's Republic of China" did not "reasonably describe the records sought," was "unreasonably broad and impose[d] an unreasonable burden" on the agency); *see also Massachusetts v. Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) (noting that a "request for all documents

14

'relating to' a subject . . . unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request").

In this case, Plaintiffs' request for "any and all records" "used by" the Special Counsel's Office in the "drafting and preparation of" of the Mueller Report fails on its face to reasonably describe the records sought and would require the Department of Justice to conduct an unreasonably burdensome search. The request did not provide any criterion by which to determine what records were "used by" the Special Counsel's Office during the "drafting or preparation of" the 448-page Report. *See* Answer, Exh. A (FOIA request), ECF No. 14-1; SOF ¶ 7. DOJ counsel proposed that the request be narrowed to material cited in the Report that is not in the public domain—which, given the number of documents cited in the Report, would be a large volume— but Plaintiffs rejected that proposal and refused to provide their own proposal for narrowing the request. Exh. D at 1–3; SOF ¶¶ 16, 18, 19.

"The difficulties in such an open-ended search are apparent," *Fonda*, 434 F. Supp. at 501, as the "lack of clarity leaves the agency to guess at the [P]laintiffs' intent," *Sack*, 53 F. Supp. 3d at 164. Plaintiffs' request could plausibly be read to include any record that any individual at the Special Counsel's Office may have had in mind when working in any manner on the Report. If interpreted in that manner, in its search for responsive records the Department would first have to ascertain the identities of every individual who had any involvement in the "drafting" and "preparation of" the 448-page Report. The Special Counsel's Office is now closed, and some of these individuals have left the Government. Brinkmann Decl. ¶ 6; SOF ¶¶ 5, 6. The Department would then have to ask every individual who worked on the Report to attempt to recall every record that they may have consulted, referenced, or even had in mind when working on the Report. Read

15

this way, that request "borders on the 'all-encompassing fishing expedition' on which a FOIA requester cannot embark." *Sack*, 53 F. Supp. 3d at 164 (quoting *Dale*, 238 F. Supp. 2d at 104–05).

To search for records that were "used by" the Special Counsel's Office during the "drafting and preparation of" the Mueller Report would require an unduly burdensome investigation by the agency. In this way, Plaintiffs' request is similar to those at issue in *Judicial Watch*. In that case, the plaintiff sought all records pertaining to contacts between certain individuals and "companies, entities, and/or persons related or doing or conducting business in any way with the People's Republic of China." 108 F. Supp. 2d at 26. The district court upheld the agency's refusal to conduct a search for responsive records, finding that "[t]he FOIA does not require the Bank to investigate which companies having contacts with [two individuals] may have had dealings with China and to locate all documents relating to contacts between [those individuals] and those companies." *Id.* at 28. Likewise, in *Freedom Watch*, the plaintiff submitted various FOIA requests seeking records about "leaked" information. 895 F. Supp. 2d at 229. The district court found that the request "would impermissibly require defendants to undertake an investigation" before defendants could determine whether certain records related to "leaks." *Id.*

Plaintiffs' request for "any and all records" "used by" the Special Counsel's Office during the "drafting and preparation of" the Mueller Report simply is not an adequate description because a professional DOJ employee will not be able to locate responsive records with a reasonable amount of effort. *Judicial Watch*, 108 F. Supp. 2d at 27. Like the requests at issue in *Judicial Watch* and *Freedom Watch*, the effort required to locate responsive records to Plaintiffs' request would be an undue burden on the Department. Therefore, Plaintiffs' request is not valid, and the Court should dismiss it from the Complaint.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Request Nos. DOJ-2019-003143 and DOJ-2019-003098 from the Complaint and enter partial judgment on the pleadings for Defendant.


Dated: August 27, 2019                    Respectfully submitted,

                                          HASHIM MOOPPAN
                                          Deputy Assistant Attorney General
                                          Civil Division

                                          ELIZABETH J. SHAPIRO
                                          Deputy Director
                                          Federal Programs Branch

                                          */s/ Courtney D. Enlow*
                                          COURTNEY D. ENLOW (N.C. Bar No. 46578)
                                          Trial Attorney
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street, N.W.
                                          Room 12102
                                          Washington, D.C. 20005
                                          Tel: (202) 616-8467
                                          Email: courtney.d.enlow@usdoj.gov

                                          *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2019, I electronically transmitted the foregoing to the

parties and the clerk of court for the United States District Court for the District of Columbia using

the CM/ECF filing system.

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

18