# Exhibit A

Declaration of Vanessa Brinkmann,

dated August 23, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD, BUZZFEED, INC.,

       *Plaintiffs*,

    v.

U.S. DEPARTMENT OF JUSTICE, et al.

*Defendants*.

Civil Action No. 19-cv-1278

## DECLARATION OF VANESSA R. BRINKMANN

    I, Vanessa R. Brinkmann, declare the following to be true and correct:

    1.　I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (Department or DOJ).  In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP.  The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from within six senior leadership offices of the Department, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).  Moreover, the IR Staff is responsible for processing FOIA requests seeking certain records from the Special Counsel's Office (SCO).

    2.　The IR Staff of OIP is responsible for conducting searches in response to FOIA requests seeking records of the above-referenced offices, for determining whether records located pursuant to its searches are responsive to those FOIA requests, and, if so, whether such records are appropriate for release in accordance with the FOIA.  In processing such requests, the

1

IR Staff consults with personnel in the senior leadership offices, with records management staff

and/or with other components within the Department, as well as with others in the Executive

Branch.

3.   I make the statements herein on the basis of personal knowledge and on information

acquired by me in the course of performing my official duties, including my familiarity with

OIP's resources and procedures for responding to FOIA requests, my discussions with

knowledgeable Department personnel, and my review of and determinations regarding the

request and material at issue in this case.

4.   The purpose of this declaration is to address the scope of one of Plaintiffs' requests

to OIP in the instant case, and to explain the basis for my determination that it is overly broad

and unduly burdensome.

**Plaintiffs' FOIA Request for All SCO Records**

5.   Plaintiff Jason Leopold submitted four separate FOIA requests to OIP at issue in this

case.  One of these requests, which was received by OIP on March 25, 2019 and assigned

tracking number DOJ-2019-003143, seeks "[a]ll documents and records collected, maintained

and stored by the Office of Special Counsel Robert Mueller since May 17, 2017 during the

Office's investigation into:  [(i)] any links and/or coordination between the Russian government

and individuals associated with the campaign of President Trump; and (ii) any matters that arose

or may arise directly from the investigation; and (iii) any other matters within the scope of 28

C.F.R. § 600.4(a)."  OIP understands this request to seek all records of the SCO.  Plaintiffs'

request for all SCO records [hereinafter Request DOJ-2019-003143] is filed on the docket at

ECF No. 14-7.

6.    The SCO is now closed.  OIP and FBI are responsible for responding to FOIA

requests for portions of the SCO records collection.  The FBI maintains the SCO investigative

records in its Central Records System.  The Justice Management Division (JMD), which includes

the Department's Office of the Chief Information Officer (OCIO) and Office of Records

Management Division (ORMP), is responsible for maintaining the remainder of the SCO records

collection, and OIP is responsible for processing FOIA requests seeking these SCO records.

7.    By letter dated March 29, 2019, OIP acknowledged receipt of Plaintiffs' FOIA

Request DOJ-2019-003098 and by letter dated April 4, 2019, OIP acknowledged receipt of

Plaintiffs' FOIA Request DOJ-2019-003143.  On May 2, 2019, Plaintiffs filed suit in connection

with Requests DOJ-2019-003098 and DOJ-2019-003143 and four other FOIA requests – two of

which were submitted to OIP[1] and two submitted to the FBI.

8.    Because Request DOJ-2019-003143 sought the entirety of the SCO records

collection, which is all of the SCO records for which OIP/JMD and FBI are responsible, OIP

routed this request to the FBI.[2]

9.    As set forth in detail below, Plaintiffs' Request DOJ-2019-003143 for all records

collected, maintained, and stored by SCO is overly broad and unduly burdensome.  Given the

enormity of the SCO materials maintained by JMD, processing the SCO collection in its entirety

would impose an astoundingly significant, undue burden on OIP, as well as other Department

components and Executive Branch entities with which we would need to consult while

processing the SCO records.

---

[1] These two requests have been assigned OIP tracking numbers DOJ-2019-003140, and DOJ-2019-003627.
[2] OIP also routed Request DOJ-2019-003140 to the FBI.

**Organization of SCO Records Collection**

10. As stated above, OIP is responsible for processing FOIA requests for SCO records maintained by JMD – in other words, OIP processes FOIA requests for all SCO records other than the investigative records housed in the FBI's Central Records System.

11. The Declaration of David Hardy, filed contemporaneously, details the scope of the SCO records maintained by the FBI and the FBI's determination that Plaintiffs' request for all SCO records maintained by the FBI is overly broad and unduly burdensome.

12. JMD's SCO records collection falls into three broad categories: (1) non-email digital data, (2) email, and (3) paper files.  JMD now has access to the SCO collection of electronic files and email, as well as a file plan detailing the high-level organization of all electronic files and a custodian list for a total of 127 SCO staff.  As for the paper files, JMD is currently developing box lists and organizing and scanning the records, a laborious manual preparation process which is approximately one-third completed.

**Volume of SCO Records Maintained by JMD**

13. The volume of SCO records is massive.  I have been advised by JMD that there are, at a minimum, eleven terabytes ("TB") of digital data files, 383 gigabytes ("GB") of email (including calendars created on Microsoft Outlook), and 180 boxes (and counting) of paper records in the JMD portion of the collection, alone.[3]

14. Within JMD's portion of the SCO records collection, there are at least eleven terabytes ("TB") in the digital data files, which includes the electronic documents saved in various file formats.  This digital data is currently maintained in the various file formats in which the documents were originally created and saved by SCO staff.

---

[3] As described by David Hardy, the FBI portion of the SCO collection is even larger.

15. There are also about 383 gigabytes ("GB") of data[4] consisting of SCO email in the

JMD collection.  The emails (including calendars) for all SCO staff who used email on JMD

servers are currently saved in those individuals' respective personal-storage-table (".pst") files,

which is the native file format for Microsoft Outlook files.

16. Additionally, there are currently approximately 180 boxes of paper records in JMD's

SCO records collection.  These boxes are currently being compiled and scanned for conversion

into digital files, and this process has been completed for approximately one-third of the 180

record boxes.  These paper files will also be inventoried once they are converted to electronic

files, and a file list will be created detailing their location and organization.

17. Even though it is not possible to provide an accurate page count for the JMD SCO

records collection at this time, JMD and OIP have attempted to approximate the total pages using

estimates.  Determining an approximate number of pages contained in these eleven TB of data,

383 GB of email, and 180 boxes of paper records is not precise and is largely dependent on the

file types that make up each dataset.  For example, a Portable Document Format ("PDF") file

will take up more electronic space than a Microsoft Word document.  Without expending the

significant time and resources necessary to process the data and convert each file type to a format

in which pages can be counted, OIP can only rely on rough approximations to estimate the total

number of pages contained in the SCO collection.

18. For conversion purposes, assuming a conversion of one TB to approximately seventy-

five million pages, the eleven TB of electronic files maintained by JMD potentially contain 825

million pages.  Assuming a conversion of one GB of email files to approximately 677,963 pages,

---

[4] The volume previously reported was 318 GB.  Because of the addition of certain shared
mailbox data to the email collection, this value is currently 383 GB.

the 383 GB of email maintained by JMD may potentially contain over 250 million pages. While

these figures are not precise, this provides at least some general concept of the volume of SCO

electronic data maintained by ORMP.

19. Approximations for paper records are somewhat more precise. Although an accurate

page count cannot be provided for the paper records until the compilation and scanning of the

records boxes are complete, typically one records box contains approximately 2,000-2,250

pages. For 180 boxes, this translates to approximately 360,000 to 405,000 pages.

20. In sum, the SCO records collection maintained by JMD consists of at least eleven TB,

383 GB, and hundreds of thousands of pages of paper. Although we are unable to accurately

predict the total number of pages this would constitute, it could be over one billion pages. OIP

simply cannot process this massive volume of records.

### Processing All SCO Records Would be Unduly Burdensome

21. Plaintiffs' request is extraordinarily broad. It seeks every single SCO record which,

as described in detail above, implicates an astoundingly large universe of records. To put it

succinctly, it is not reasonably possible for OIP to process this request. The IR Staff must

continue to process the FOIA requests received by OIP both before and after Plaintiffs' request

was submitted. Processing the entirety of the SCO records collection would also place additional

burdens on other DOJ components and Executive Branch entities with which OIP would need to

consult, and which similarly do not have the resources to handle the volume of incoming

consultations associated with these records, as well as on JMD as the component maintaining the

SCO records.

22. Department counsel has attempted to negotiate the narrowing of Plaintiffs' FOIA

request on two occasions and each time, Plaintiffs have refused to narrow their request.

Nonetheless, OIP stands ready in good faith to engage in further negotiations and to conduct a

search, should Plaintiffs sufficiently describe the records they seek so as to constitute a

reasonable request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Vanessa R. Brinkmann
Senior Counsel
Office of Information Policy
United States Department of Justice

Executed on this 23rd day of August 2019.

7