**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

JASON LEOPOLD, BUZZFEED, INC.,        )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )        Civil Action No. 19-cv-1278 (RBW)
                                      )
UNITED STATES DEPARTMENT OF           )
JUSTICE, FEDERAL BUREAU OF            )
INVESTIGATION, *et al.*,              )
                                      )
            Defendants.               )
_____ )

## DEFENDANT'S REPLY IN SUPPORT OF
## RENEWED MOTION FOR CONSOLIDATION

Cable News Network ("CNN"), the plaintiff in *Cable News Network v. Federal Bureau of Investigation*, No. 19-cv-1626 (RBW) (D.D.C.), admits that CNN seeks under the Freedom of Information Act ("FOIA") the same Federal Bureau of Investigation ("FBI") FD-302s ("302s") from interviews of individuals conducted as part of the Office of Special Counsel Robert S. Mueller III's investigation into Russian interference in the 2016 election (the "Mueller investigation") as Plaintiffs Jason Leopold and BuzzFeed, Inc. (collectively, "Leopold") seek in this case. *See* CNN Opp'n 2, Dkt. 28. And CNN does not appear to dispute that the cases are in the same procedural posture. *See generally id.* Yet CNN nevertheless argues that consolidation of the two cases is inappropriate because "Leopold's litigation will involve more time and judicial resources to resolve than CNN's." *Id.* at 4. But the issue is not whether resolution of Leopold's entire case will involve more time and judicial resources to resolve than CNN's. Rather, the issue is whether the cases share a common issue of law or fact such that consolidation to decide that common issue is appropriate. It is clear that they do. Because the plaintiffs seek release of the

same documents, the Court's resolution of these cases will turn on the same central question: whether the withholding determinations for the 302s are supported on summary judgment by the agency's declaration describing the basis for any decision to withhold.  Accordingly, consolidation is appropriate.

## ARGUMENT

I.     **CONSOLIDATION IS APPROPRIATE BECAUSE THE PLAINTIFFS SEEK THE SAME RECORDS AND LEOPOLD'S ADDITIONAL REQUESTS WILL NOT PREJUDICE CNN.**

At bottom, the cases should be consolidated because the plaintiffs in both cases have requested the same documents from the same agency, and resolution of any withholdings will involve the same legal analysis.  *See* Def.'s Mem. 4–8, Dkt. 27-1.  And because the cases are in the same procedural posture, no plaintiff will be prejudiced by consolidation.  The alternative that CNN offers—that the Court adjudicate identical legal issues attendant to the same set of documents in two different cases—is inefficient and wastes judicial resources.

CNN argues that consolidation is inappropriate because CNN's one FOIA request is narrower than Leopold's six FOIA requests at issue in this case.  CNN Opp'n 4–7.  But CNN entirely ignores that this Court recently consolidated cases under these exact same circumstances. *See* Order at 2, *Electronic Privacy Info. Ctr. v. Dep't of Justice*, No. 19-cv- 810 (D.D.C. Apr. 22, 2019), Dkt. 33.  As described in Defendant's motion, this Court consolidated two cases in which both plaintiffs sought release of the same document—the final report from the Mueller investigation—even though one of the plaintiffs sought additional documents.  *Id.*  A redacted version of that final report has been released to both plaintiffs in that case, and the parties have fully briefed summary judgment motions regarding the propriety of those redactions.  Because the legal issues concerning the redactions to the report are the same, the Court could consider one set

2

of briefs, hear one argument, and will be able to issue one opinion.  While the Court considers the issues that are common between the two cases, the Court also set a schedule concerning the remainder of one plaintiff's FOIA requests.  *See* Order, *Electronic Privacy Info. Ctr. v. Dep't of Justice*, No. 19-cv-810 (D.D.C. May 3, 2019), Dkt. 43; Order, *Electronic Privacy Info. Ctr. v. Dep't of Justice*, No. 19-cv-810 (D.D.C. June 20, 2019), Dkt. 63.

The Court should enter a similar consolidation order here.  Consolidating the cases for the purpose of resolving the FOIA requests related to the 302s would permit the cases to have the same processing schedule for the 302s.  Following the completion of processing, if both Leopold and CNN choose to challenge any redactions to the 302s, the Court could then set one schedule for summary judgment briefing.  Otherwise, in the absence of consolidation, the Court will have two sets of summary judgment briefs on the same issue and will have to issue two different opinions regarding the propriety of redactions for exempt material.  Considering multiple sets of briefs, hearing multiple arguments, and issuing multiple rulings on the same legal issue would not serve the interest of judicial economy.

CNN also argues that consolidation is inappropriate because the plaintiffs seek different relief.  *See* CNN Opp'n 2.  But this is a distinction without a difference.  Both plaintiffs seek release of the 302s.  Regardless of whether one plaintiff seeks an injunction or declaratory relief, the issue before the Court will be the same—whether the withholding determinations for the 302s are supported on summary judgment by the agency's declaration describing the basis for any decision to withhold.

Finally, CNN relies on the Court's order denying the State Department's request to appoint a coordinating judge to address "common questions of law, fact, and procedure" in FOIA cases involving emails of former Secretary of State Hillary Clinton and her staff.  *See* CNN Opp'n 5–6.

But that case is inapposite, as the Court was not asked to consider consolidation pursuant to Federal Rule of Civil Procedure 42.  *See* Order, *In re U.S. Dep't of State FOIA Litig. Regarding Emails of Certain Former Officials*, No. 1:15-mc-1188 (D.D.C. Oct. 8, 2015), Dkt. 41.  And, in any event, the Court determined that "[m]any of the underlying cases have been pending for several years and a significant number of scheduling orders have already been entered," *id.* at 2, which is not the case here.

## II.    THE ISSUE OF CONSOLIDATION IS NOT MOOT.

As set forth in Defendant's motion, the issue of consolidation is not moot merely because the *Leopold* case (and now the *CNN* case) has been reassigned to this Court.  *See* Def.'s Mem. 9. CNN does not argue otherwise.  *See generally* CNN Opp'n.  And the Court has ordered the parties to appear in Court to discuss why the cases should not be consolidated or deemed related.  *See* Order, Dkt. 30.  Thus, the Court should conclude that the issue of consolidation is not moot.

## <u>CONCLUSION</u>

For these reasons, and the reasons set forth in Defendant's motion, the Court should grant Defendant's motion and consolidate this case with *Cable News Network v. Federal Bureau of Investigation*, No. 19-cv-1626 (RBW) (D.D.C.).

Dated: September 17, 2019

Respectfully submitted,

HASHIM MOOPPAN
Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW (N.C. Bar No. 46578)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*