# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, ) | |
| BUZZFEED INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-cv-1278 (RBW) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| DOJ OFFICE OF ATTORNEY GENERAL, ) | |
| DOJ DEPUTY ATTORNEY GENERAL, ) | |
| DOJ OFFICE OF SPECIAL COUNSEL, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' COMBINED MOTION FOR PRELIMINARY INJUNCTION AND MEMO IN SUPPORT

In a suit against the government, a plaintiff is entitled to a preliminary injunction where (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm; and (3) the injunction is in the public interest. *E.g. Nken v. Holder*, 556 U.S. 418, 435 (2009); *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011); *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 35 (D.D.C. 2006) ("On numerous occasions, federal courts have entertained motions for a preliminary injunction in FOIA cases and, when appropriate, have granted such motions.").

Applying those factors here, the Court should reconsider its decision to stay processing and should enter a preliminary injunction requiring DOJ to conduct the expedited processing that DOJ has already granted for Plaintiffs' requests seeking: (1) the non-public records cited in the Mueller Report, and (2) the summaries of the Report written by members of the Special Counsel's team.

DOJ also granted expedited processing for a third request seeking all of the Special Counsel's records, for which Defendants moved for judgment on the pleadings and in response to which Plaintiffs have narrowed the request. Plaintiffs will defer the resolution of that request, which is subject to continued negotiations between the parties (Plaintiffs have been awaiting DOJ's response to Plaintiffs' narrowing for over two weeks now), while the two requests at issue in this motion are processed and while the Court either decides DOJ's motion for judgment on the pleadings or denies it as moot in light of Plaintiffs' narrowing.

## I.   STATEMENT OF FACTS

On March 21, 2019, Plaintiffs submitted the following request to DOJ: "Copies of any and all records, which includes but is not limited to FBI 302s, emails, memos, letters, charts, used by the Office of Special Counsel Robert Mueller during the drafting and preparation of its FINAL REPORT relating to the Office's investigation into: any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and (ii) any matters that arose or may arise directly from the investigation; and (iii) any other matters within the scope of 28 C.F.R. § 600.4(a)." Answer, Dkt. # 14, at ¶ 6. DOJ granted Plaintiffs' request for expedited processing on March 29, 2019. *Id.* at ¶ 8. At DOJ's request, Plaintiffs agreed to limit the scope of this request to only the records cited in the Report and exclude any that are publicly available. Dkt. # 32 at 2 n.1.

On April 3, 2019, Plaintiffs submitted the following request to DOJ: "1. Any and all summaries of the final Mueller report written/drafted by investigators/prosecutors/attorneys working on Special Counsel Robert Mueller's investigation into any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump. 2. Any reports or documents that summarized Special Counsel Robert Mueller's final report into any links and/or coordination between the Russian government and individuals

associated with the campaign of President Donald Trump. These summaries could have been written by any individual working on Special Counsel Robert Mueller's investigation. 3. Any and all records, which includes but is not limited to emails, memos, letters, text messages, in possession of the Attorney General, the Deputy Attorney General and the Office of Special Counsel, that mentions or refers to summaries." Answer, Dkt. # 14, at ¶ 25. DOJ granted expedited processing on April 12, 2019. *Id.* at ¶ 28. In the interests of reaching a resolution, Plaintiffs will withdraw item number 3 from their request if the Court lifts the stay and orders DOJ to begin processing.

## II.     PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

When expedited processing has been granted, a request must be processed "as soon as practicable," and there is a rebuttable presumption that it must be processed within the statute's default 20-business-day deadline. DOJ FOIA Guide, Procedural Requirements, at 39; *EPIC*, 416 F. Supp. 2d at 38-39; *see also Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 542 F. Supp. 2d 1181, 1186 (N.D. Cal. 2008). An agency must rebut the presumption with "credible evidence that disclosure within such time period is truly not practicable." *EPIC*, 416 F. Supp. 2d at 39.

Here, DOJ has exponentially exceeded the presumptive processing deadline and seeks to delay any processing of this expedited request for over seven years while Plaintiffs' request to a different processing entity—the FBI[1]—goes forward. DOJ has cited no authority, and Plaintiffs are aware of none, in which a stay has been applied to expedited requests; rather, expedited processing has **superseded** the otherwise-justified imposition of a stay. *See, e.g., Edmonds v. FBI*, No. CIV.A. 02-1294 (ESH), 2002 WL 32539613, at *4 (D.D.C. Dec. 3, 2002) ("Having found that

---

[1] DOJ and FBI have separate processing teams. Brinkman Decl., Dkt. # 25-4; Hardy Decl., Dkt. # 25-5. While Plaintiffs do not yet have the transcript of the last court hearing, Plaintiffs' recollection is that DOJ also has a separate processing team and separate processing track for expedited requests.

defendant has satisfied the exceptional circumstances-due diligence test, however, this Court's inquiry is not complete, for *Open America* also recognized that where a requester shows exceptional need or urgency, that requester may be given priority over other requesters"; granting contested motion for expedited processing and denying motion for stay); *see also* DOJ Guide to the Freedom of Information Act, Litigation Considerations, at 50 (collecting cases denying stays where cases warranted urgency); *Am. Oversight v. U.S. Dep't of State*, No. 19-CV-2934 (CRC), 2019 WL 5665930, at *4 (D.D.C. Oct. 25, 2019) (ordering that production of unknown volume of Ukraine-related records in response to expedited request be completed in less than 30 days). DOJ has provided no compelling evidence why it cannot complete processing of these expedited requests at least within the next six months, which would be a year from the date these requests were made.

### III.  PLAINTIFFS WILL SUFFER IRREPARABLE HARM

In granting Plaintiffs' request for expedited processing, DOJ has conceded that there has been an "urgency to inform the public" about the information contained in these records for the many months since expedited processing was granted. Because "timely public awareness" is a "structural necessity in a real democracy," Plaintiffs and the public will suffer irreparable harm from DOJ's delay in releasing these records, particularly in light of the "current and ongoing debate" surrounding the Mueller investigation, which the President continues to claim, in the run-up to the next Presidential election, was an illegal, politically motivated "witch-hunt," while the President and some members of Congress claim that Ukraine meddled in our 2016 election. *See Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 40-41; NBC News, Former White House Aide Fiona Hill Appears to Take Aim at GOP Lawmakers for Ignoring Putin Election Threat, Nov. 21, 2019; NY Times, Trump, Ukraine and Impeachment: The Inside Story of How We Got Here, Nov. 11, 2019.

## IV. THERE IS A STRONG PUBLIC INTEREST IN PROMPT RELEASE OF THESE RECORDS

Finally, the public interest element is met. The public interest in "an agency's faithful adherence to its statutory mandate" alone is sufficient, but controversy about the investigation has clearly garnered "great public and media attention," such that "the public interest is particularly well-served by the timely release" of these records. *EPIC*, 416 F. Supp. 2d at 42. More broadly, unless the Court enforces the requirements of the expedited processing provisions in the statute, those provisions will be rendered a dead letter, and an act of Congress, signed into law by the executive branch, will be fully frustrated.

## V. CONCLUSION

For these reasons, Plaintiffs' motion for preliminary injunction should be granted and DOJ should be ordered to process these expedited requests on a rolling basis beginning in 30 days and completed within six months.

DATED: November 22, 2019

Respectfully Submitted,

/s/ Matthew Topic

Attorneys for Plaintiffs

Matthew Topic
Joshua Burday
*(E-Mail: foia@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
DC Bar Nos. IL0037 and IL0042