**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JASON LEOPOLD and BUZZFEED, INC.,** | |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES DEPARTMENT OF JUSTICE, et al.** | |
| **Defendants.** | **Case No: 1:19-cv-01278-RBW** |
| **CABLE NEWS NETWORK, INC.,** | |
| **Plaintiff,** | |
| **v.** | |
| **FEDERAL BUREAU OF INVESTIGATION,** | |
| **Defendant.** | |

**PLAINTIFFS JASON LEOPOLD'S, BUZZFEED, INC.'S AND CABLE NEWS
NETWORK, INC.'S STATUS REPORT FOR THE COURT AND RESPONSE TO
DOJ'S JANUARY 2, 2020 AND JANUARY 3, 2020 PRODUCTIONS**

Plaintiffs Jason Leopold, BuzzFeed, Inc. and Cable News Network, Inc. ("CNN"),

through counsel, hereby file this report to update the Court on the status of their Freedom of

Information Act ("FOIA") claims and in response to the Department of Justice's ("DOJ")

January 2, 2020 and January 3, 2020 productions.

**I.    DOJ'S PRODUCTIONS ARE INCONSISTENT IN THEIR SUBSTANCE AND
       PACE**

Pursuant to this Court's Orders, *see* Dkts. 47 and 49, DOJ at the end of last week

produced (1) the non-exempt portions of 430 pages of the typewritten narratives of the FD-302s

that were previously made available to the House Judiciary Committee and the House Permanent

Select Committee on Intelligence, and (2) the list of individuals interviewed by the Federal

Bureau of Investigation ("FBI") in relation to Special Counsel Robert Mueller's investigation.

After reviewing these materials over the weekend, Plaintiffs remain concerned with the pace of

production and the substance of the information DOJ has withheld.

DOJ's production continues at a pace unacceptable in light of the extreme public interest

in these records given the ongoing Congressional investigations into the President, including the

impeachment proceedings, and the approaching Presidential election.  And in the documents it

has released, DOJ *redacted information that the government already has made public*.  Rather

than adhering to any production standard the Court and the public should expect from a

"reasonable agency" – a standard another court recently adopted, see *infra* Section II – DOJ's

sluggish productions have forced the Court's repeated intervention as the government's

haphazard productions continue.

For example, DOJ withheld from its January 3 list of individuals the following

information:

1. Names of 30 witnesses whose meetings with the Special Counsel's office have been documented by CNN and other news outlets, including: Maria Butina, who pleaded guilty last year to conspiring to act as an unregistered Russian agent; Randy Credico, who testified at Roger Stone's trial and is known to have met with investigators at least twice and provided grand jury testimony in September 2018; Sam Nunberg, a former Trump campaign aide, who told CNN he met with investigators for close to five and a half hours; Tony Fabrizio, a pollster for the 2016 Trump campaign who did political work in Ukraine with Paul Manafort; and James Woolsey, a former CIA Director;

2. Names of at least two witnesses who testified for the prosecution at the Paul Manafort criminal trial who are known to have met with the Special Counsel's office in preparation for the trial: Cindy LaPorta and Philip Ayliff; and

3. Names of at least four individuals for whom DOJ produced their 302s on January 2, including Kathleen Troia "K.T." McFarland, Ted Malloch, and John Mashburn.

While Plaintiffs are still in the process of comparing information in the 302s against information cited in the Mueller Report, in at least one case, DOJ redacted information from a 302 that is *explicitly cited* in the Mueller Report.  *See* Mueller Report at 65, n.409 ("Miller said he did not want Priebus to be blindsided, so on Sunday night he called Priebus to tell him that the President had been thinking about the 'Comey situation' and there would be an important discussion on Monday," quoting Steven Miller's 10/31/2017 302 at page 7:); *cf.* Interview of Stephen Miller, 10/31/2017, at 7 (Ex. A) (redacted almost entirely pursuant to b(5); Priebus's name is not even visible).

In addition to reinforcing Plaintiffs' concerns about DOJ's pace and inconsistency, the government continues to withhold large swaths of information on the basis of FOIA exemption b(5) as to documents where that exemption clearly has no application.

Plaintiffs cannot overstate the importance to the American public of the information they seek.  With the 2020 Presidential Election now fewer than ten months away, and Congress presently engaged in historic proceedings involving the impeachment of the President, time is of the essence.  Strong judicial enforcement of the Freedom of Information Act has never been more critical.  Therefore, and for the reasons set forth in this filing, Plaintiffs respectfully request that, beginning with the March 1, 2020 production deadline, this Court order DOJ and FBI to process materials responsive to Plaintiffs' requests for FBI FD-302 reports at a rate of 1,000 pages per month and in accordance with the priority lists provided by Plaintiffs at Exhibit B. Further, Plaintiffs each plan to move this Court for partial summary judgment on the issue of the b(5) withholdings and request that the Court order an abbreviated briefing schedule and set a hearing to take place by mid-March 2020.

## II.     DOJ SHOULD PROCESS 1,000 PAGES OF RESPONSIVE MATERIALS PER MONTH

To guide the Court and the parties in this instance and in the future, Plaintiffs respectfully submit that this Court should adopt the "reasonable agency" standard recently adopted in the Southern District of New York.  Under that standard, DOJ should be able to produce at least 1,000 pages of typewritten FD-302 narrative reports per month.  That production schedule would satisfy the goal this Court and Plaintiffs have all agreed on at previous hearings: getting crucially important government records into the public's hands as expeditiously as possible.

According to DOJ's January 3 list of interviews, there are more than 1,000 total typewritten 302 reports totaling more than 5,000 pages.[1]  To date, Plaintiffs have received only 63 of these reports; or, stated in reverse, DOJ has yet to process and produce nearly 1,000 reports, totaling at least 4,700 pages.[2]

At the current court-ordered rate of 500 pages per month, DOJ would not complete the processing the 302 reports until November 2, 2020 – one day before the Presidential election.  In contrast, at a rate of 1,000 pages per month, DOJ would complete the processing and production of these reports as of its July 1, 2020 production.

Increasing the production rate is further necessary because of the limited utility of the list of interviews produced by DOJ.  *See* Exhibit C.  Out of the more than 1,000 total 302 reports, DOJ redacted the names associated with approximately two-thirds of these reports.  DOJ said,

---

[1] These figures represent, to the best of Plaintiffs' ability, an accurate accounting of the responsive 302s.  DOJ provided the heavily redacted list in PDF format, which required converting the file to an Excel spreadsheet.

[2] While these figures show that DOJ has yet to process more than 90% of the 302 reports, these figures do not even account for the related materials, which, for the time being, Plaintiffs have agreed are of lesser priority.  Adding in those materials to this tally, DOJ has almost certainly processed less than one percent of responsive materials to-date.

generally, that names were redacted due to "FBI's pending operational sensitivities," the potential to reveal grand jury information, and individuals' privacy interests.  *See* Email from C. Enlow to C. Tobin, *et al*., Jan. 3, 2020 (Attached as Exhibit D).  Further, DOJ said it is "not feasible to determine whether some of the redactions may be lifted" until processing of the reports is complete.  *Id*.

Setting aside the dubious relation of these excuses to any legitimate FOIA exemptions, increasing the rate of production will allow DOJ to more quickly make its determinations and release the maximum amount of information to the public.  Although Plaintiffs have, in accordance with this Court's instructions, prioritized the 302s for which the names were disclosed, *see* Exhibit B, it may be that many of the "mystery" reports are themselves of more interest and importance.  Given that DOJ has said it cannot disclose names until it processes the individual reports, there is an even greater urgency in pushing DOJ to complete its processing.[3]

### The "Reasonable Agency" Standard

As the Court has said, the government's representations regarding the limitations on its capacity to process FOIA requests present a frustrating obstacle in meeting the requirements of FOIA.  Plaintiffs respectfully suggest that this Court should deploy a legal standard:  agencies should be required to process – not what an agency at a given moment tells the Court it can accommodate – but instead the rate a reasonable agency in today's technological environment should be able to meet.

The Southern District of New York recently employed this standard, ordering agencies to produce documents responsive to a FOIA request based "on a reasonable agency's technological

---

[3] Completing production of the 302 reports also may allow Plaintiffs to narrow the scope of related materials they seek, leading to a more efficient resolution of this action.

capability." *Open Soc'y Justice Initiative v. CIA*, 399 F. Supp. 3d 161, 169 (S.D.N.Y. 2019).

The *Open Society* litigation involves FOIA requests to the Department of Defense ("DOD") and

Department of State ("State") for records relevant to the killing of U.S.-based journalist Jamal

Khashoggi in a Saudi Arabian consulate in Turkey.  *Id.* at 162.  Although both agencies asked

the court to order a processing rate of 300 pages per month, claiming their limited resources were

stretched thin because of a large number of pending FOIA requests, the court ordered both

agencies to process 5,000 pages of responsive records each month.  *Id.* at 165-66, 168-69.  The

agencies cautioned that a faster rate of production would require them to divert resources from

other pending FOIA requests, *id*. at 166, which the court took into account in denying the

government's motion to reconsider its order, *id.* at 169.

  In explaining its decision, the *Open Society* court reiterated its "inquiry must focus on a

*reasonable agency's* technological capability." *Id.* (emphasis added).  Therefore, the court said

that it was appropriate to hold DOD to the standard of a "reasonable agency," "even if meeting

this demand calls upon DOD to augment, temporarily or permanently, its review resources,

human and/or technological." *Id.*[4]  Significantly, the court also noted that *State had complied

with its order to process 5,000 pages per month.  Id.* at 165.

  In this action, DOJ represented to the Court that it is only able to process 500 pages per

month for largely the same reasons as those argued by DOD and State.  DOJ has shown in this

litigation that it is capable of processing 1,000 pages per month, as it did so while processing 500

---

[4] This Court at the November 25, 2019 hearing queried whether the *Open Society* court considered the full breadth of FOIA litigation faced by the agencies in making its determination. It did.  In its submission to the court seeking 300 pages per month, State provided a complete list of all FOIA litigations it was engaged in and processing materials in response to, including dozens of cases before this Court and others in this district.  *See* Exhibit 1, May 14, 2019, Case No. 1:19-cv-01329-PAE, Dkt. 30-2.

pages per month of FD-302 records at the same time as processing 500 pages per month of

Plaintiffs Jason Leopold's and BuzzFeed's expedited request for other records.  Plaintiffs

respectfully urge the Court to enforce the terms of FOIA and increase the rate at which DOJ is

processing 302 records to 1,000 pages per month based on what a "reasonable agency" could

accomplish.[5]

As the *Open Society* case illustrates, imposing the "reasonable agency" standard can

serve the goals of FOIA without either overburdening government agencies or excusing their

lack of investments in the capacity to meet their statutory obligations.  Moreover, if DOJ can

show that it is incapable of meeting the faster rate, this Court can revisit the issue in the future.

### Priorities for Production of 302 Reports

Plaintiffs believe that the Court's order to DOJ to focus first on providing those 302

reports provided to congressional committees has helped streamline the process to the benefit of

all interested parties and the public.  To that end, Plaintiffs respectfully request that the Court

order DOJ to process the remaining typewritten 302 reports beginning with reports for the

witnesses as detailed by CNN and Leopold and BuzzFeed, respectively, in Exhibit B.  The

witnesses on these lists are those listed by name in the DOJ's latest production; CNN, for

example, prioritizes 302s from witnesses who were cited in Volume II of the Mueller Report

regarding the President's actions and potential obstruction of justice.  With the exception of Don

McGahn, who is of particular interest given the ongoing litigation concerning his potential

---

[5] DOD told the court that it was devoting 25 percent of its FOIA processing resources to the request, and State told the court it had diverted five employees to the request and was devoting 10% of "currently-available full-time employees who process non-litigation FOIA requests." *Open Society*, 399 F. Supp. 3d at 166.  In contrast, should this Court order DOJ to process 1,000 pages per month, that would represent only 4.5% of the 22,000 pages per month DOJ told this Court it is currently processing.

Congressional testimony, the witnesses on CNN's list are ordered based on the number of pages each witness generated, according to DOJ's January 3 list, from greatest number of pages to fewest.  Leopold and BuzzFeed have prioritized the 302 reports from the witnesses they believe are the most newsworthy.

### III.    PLAINTIFFS INTEND TO MOVE THE COURT FOR PARTIAL SUMMARY JUDGMENT ON THE B(5) REDACTIONS

Each of DOJ's productions to date has relied heavily on FOIA's exemption for "inter-agency or intra-agency memorandums or letters" that would otherwise be unavailable to an opposing party in discovery.  5 U.S.C. § 552(b)(5).  Across the 1,439 pages processed by DOJ to date, DOJ withheld 386 pages, at least in part, due to b(5).  And, of the 846 pages released in those productions, 548 pages were at least partially (and in many cases entirely) redacted on the basis of b(5).  Together these figures represent nearly *two-thirds* of the entire production to-date.

There are strong reasons to be skeptical of these redactions.  To qualify for the "deliberative process privilege" exemption under b(5), the withheld material must reflect "predecisionsal" and "deliberative" discussions among government employees rather than purely factual material.  *See, e.g.*, *Russell v. Dep't of Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982).  A 302 interview form records the factual statements of a witness, not the predecisional deliberations of a government employee.  Thus, the b(5) exemption here is as puzzling as it is illogical.  Indeed, DOJ has cited b(5) in heavily redacting dozens of 302s, including several that seem particularly questionable,[6] including:

1.    Chris Ruddy, CEO of Newsmax Media

---

[6] Plaintiffs have attached these 302s as Exhibit E.

    2.        Michael Cohen, President Trump's former personal attorney[7]

    3.        Chris Christie, former Governor of New Jersey

    4.        K.T. McFarland, former deputy national security adviser[8]

    5.        Corey Lewandowski, political adviser

Given the extent to which DOJ relied on b(5) to redact material in nearly every 302 it is has produced thus far, Plaintiffs believe it is imperative to receive a ruling on the appropriateness of these redactions.  As Judge Rogers articulated in last week's hearing concerning the House Judiciary Committee's request for grand jury testimony, "we all know that a single sentence can be devastating."  *See* Oral Argument, Jan. 3, 2020, Case No. 19-cv-05288.  Therefore, Plaintiffs plan to move for partial summary judgment on the issue of b(5) redactions by the beginning of February, absent direction from the Court that such motions practice would be counterproductive.  Plaintiffs intend to request that the Court schedule a hearing on those motions at the earliest available date in mid-March.

---

[7] A special master used by the court during the Justice Department's criminal investigation deemed much of the information concerning Cohen and Trump to be not privileged.  *See* Christina Wilkie, *Special master in Michael Cohen case finds few privileged items in initial review of files*, CNBC (June 4, 2018) https://www.cnbc.com/2018/06/04/special-master-in-cohen-case-finds-few-privileged-items-in-initial-review.html; President Trump has also, in at least one case, waived attorney-client privilege with respect to material from Cohen.  *See* Gloria Borger, *et al.*, *Trump attorneys waive privilege on secret recording about ex-Playmate payment*, CNN (July 22, 2018) https://www.cnn.com/2018/07/21/politics/trump-cohen-recording-privilege/index.html.

[8] McFarland's information was documented extensively in Volume II of the Mueller Report and by news outlets, including CNN.  *See, e.g.*, Katelyn Polantz, *et al.*, *Ex-Trump official walked back statement to Mueller probe about Flynn's talks with Russian diplomat*, CNN (Sept. 23, 2018) https://www.cnn.com/2018/09/22/politics/kt-mcfarland-mike-flynn-testimony-russia-sanctions/index.html.

## IV.     CONCLUSION

For the reasons set forth in this filing, Plaintiffs respectfully request that, beginning on March 1, 2020, this Court order DOJ to process and produce at least 1,000 pages per month of the typewritten 302 reports of FBI interviews with witnesses relevant to the Special Counsel's investigation, starting with the priority lists of witnesses provided by CNN and Leopold and BuzzFeed.  Plaintiffs also request that the Court set a mid-March hearing date on their upcoming motions seeking adjudication of DOJ's (b)(5) exemption claims.

Dated: January 7, 2020                               Respectfully submitted,

    */s/ Charles D. Tobin*
Charles D. Tobin (D.C. Bar No. 455593)
tobinc@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 661-2200
F: (202) 661-2299

*Counsel for Cable News Network, Inc.*

*/s/ Matthew V. Topic*
Matthew Topic
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
DC Bar No. IL0037

*Counsel for Leopold and BuzzFeed, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.

Dated:  January 7, 2020              /s/ *Charles D. Tobin*
                                     Charles D. Tobin