**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JASON LEOPOLD and BUZZFEED, INC.,**<br><br>                **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF JUSTICE, <u>et al.</u>**<br><br>                **Defendants.**<br>―――――――――――――――――――――<br>**CABLE NEWS NETWORK, INC.,**<br><br>                **Plaintiff,**<br><br>**v.**<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br><br>                **Defendant.** | **Case No: 1:19-cv-01278-RBW** |

**PLAINTIFFS' MOTION TO ENFORCE ORDERS
OF NOVEMBER 28, 2019 AND DECEMBER 16, 2019**

Plaintiffs Cable News Network, Inc. ("CNN") and Jason Leopold and BuzzFeed, Inc.,

through counsel, hereby move this Court for an Order directing Defendant Department of Justice

("DOJ") to comply with this Court's Orders of November 28, 2019 and December 16, 2019 and

promptly produce the typewritten narrative FD-302 report for the April 11, 2018 interview of

Jared Kushner within one week from the date of its order.  Plaintiffs additionally request this

Court direct DOJ to provide to Plaintiffs a list of entities outside the Department, including the

White House, that are still reviewing any 302s withheld from the January productions ordered by

this Court, and the date on which the Department made each referral.

Plaintiffs have made repeated efforts in this case to try to prioritize and streamline the orderly processing and production of these urgently important records.  At each step, DOJ has resisted and impeded these efforts, appearing intent on deferring the production of these records for as long as possible.  This motion addresses one of DOJ's most recent and most egregious failures in this regard.

At a hearing on November 25, 2019, Plaintiffs offered several suggestions to streamline DOJ's review and production process.[1]  In response, this Court entered an Order requiring DOJ to "process the 750 pages of the typewritten narratives of FBI FD-302 forms that the Department made available to the United States House Committee on the Judiciary . . . and the United States House Permanent Select Committee on Intelligence . . . and produce to the Leopold plaintiffs and CNN, on or before January 2, 2020, the non-exempt portions of these records."  Dkt. 47 at 3.

Nearly two weeks later, DOJ moved for an extension of that deadline, stating, in part, that due to an "internal misunderstanding" about what 302s DOJ had been ordered to produce, it required additional time for, *inter alia*, "consultations with entities outside the Department."  Dkt. 48 at 2.  The Court granted that motion in part on December 16, 2019, providing additional time for DOJ "*to complete its production* of the typewritten narratives of the FD-302s made available to the" House committees.  Dkt. 49 at 1-2 (emphasis added).  The Court further ordered the Department to "process and produce" non-exempt portions of the 302s in two stages, to be completed on or before January 17, 2020.  *Id.* at 2.

---

[1] Including (1) prioritizing the processing of typewritten 302 narratives over the related materials, (2) prioritizing 302s that were seen by House committees and produced in the Roger Stone, Paul Manafort and Michael Flynn prosecutions, and (3) asking DOJ to provide a list of interviewees and page counts so Plaintiffs could further prioritize individual 302s.

DOJ to date, however, has failed to produce nearly 20 percent of the records subject to this Court's Order, totaling 134 pages.  Included in the withheld records is a 33-page 302 reflecting an interview with President Trump's son-in-law and senior advisor Jared Kushner, which DOJ represented to another court in this District it had provided to the House Judiciary Committee.  *See* Supplemental Submission Regarding Accommodation Process, at 2, Case No. 19-gj-00048-BAH, Oct. 8, 2019 (Dkt. 37).

Of the 134 pages withheld from the January productions, 118 were withheld on the basis of "Referral/Consult."  Plaintiffs believe that is the basis on which DOJ has failed to produce the Kushner 302.[2]  The need for referral and consultation is not some unforeseen circumstance warranting relief from compliance with the Court's Orders.  In fact, it is precisely the reason DOJ sought an extension of the Court's January 2 deadline, *see* Dkt. 48 at 2.  Further, DOJ has invoked, at every status conference in this action, the need for referral to and consultation with other government agencies as justification for its insistence it cannot process more than 500 pages of materials every month.  DOJ's failure to complete that process in this instance violated the extension that it sought and received in the Court's Order.

In response to Plaintiffs' request to produce the non-exempt portions of the withheld 302 reports, DOJ declined, stating that the missing records had been "referred to other members of the intelligence community" and that processing had not been completed.  A true and correct copy of that correspondence is attached hereto as Exhibit A.

---

[2] DOJ provided to Plaintiffs a list of interviews it has produced in this action that it claims are subject to Exemption 5.  DOJ included on this list the 4/11/2018 Kushner interview and 33-page 302 report.  DOJ represented that it had been produced in the January 2, 2020 release.  None of the pages from Kushner's 302 were produced, however, though the list of pages withheld for "Referral/Consult" included a set of 33 consecutive Bates numbers.

While DOJ has failed to produce several 302s subject to this Court's Order,[3] in a continuing effort to prioritize and accelerate the release of the most critical records, Plaintiffs respectfully request that the Court direct DOJ to release, within one week, the 33-page typewritten narrative of the April 11, 2018 FBI interview of Kushner.

The public's interest in obtaining these 302 reports, and the Kushner interview record in particular, could not be greater.  Not only was Kushner's 302 provided to the House as part of its impeachment inquiry, Special Counsel Robert Mueller also cited this interview 28 times in his report to Congress, including regarding Kushner's meetings during the presidential transition with Russia's ambassador to the United States and the head of a sanctioned Russian bank, Mueller Report Vol. I at 160-62, and Kushner's involvement in the President's firing of FBI Director James Comey, *id.* Vol. II at 65.[4]

Ordering the release of the Kushner 302 also is important to help remedy what has become a troubling pattern in this litigation of the Government improperly withholding information that could be politically damaging to the President.  Plaintiffs have provided the court with other examples, both at the most recent hearing and in their written submissions.  *See* Dkt. 50 at 3.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order finding that DOJ is in violation of its orders of November 28, 2019 and December 16, 2019, and

---

[3] Based on Plaintiffs' review and comparison of DOJ's January productions against other publicly-available information, it appears that that DOJ has withheld at least nine separate 302s, including 302s for Paul Manafort, Sally Yates, Sean Spicer, Richard Gerson, and three unidentified individuals.

[4] Plaintiffs did not include the Kushner 302 as a priority for future releases precisely because it was supposed to have been released no later than January 17.

directing DOJ to produce to Plaintiffs, within one week, all non-exempt portions of the 33-page

302 narrative of the April 11, 2018 interview with Jared Kushner.  Plaintiffs additionally request

that this Court order DOJ to provide a list to Plaintiffs denoting which entities outside of the

Department, including the White House, are still in the process of reviewing the 302s withheld

from the January productions, and the date on which the Department made each referral.  While

Plaintiffs recognize that consultation with outside entities may be appropriate, it is an

inappropriate abuse of this process for those entities to delay the timely production of critical

information to the American public.

Dated:  January 22, 2020                            Respectfully submitted,

                                                     /s/ Charles D. Tobin
                                                    Charles D. Tobin (D.C. Bar No. 455593)
                                                    tobinc@balladspahr.com
                                                    Matthew E. Kelley (D.C. Bar No. 1018126)
                                                    kelleym@ballardspahr.com
                                                    BALLARD SPAHR LLP
                                                    1909 K Street, NW
                                                    Washington, D.C. 20006-1157
                                                    T: (202) 661-2200
                                                    F: (202) 661-2299

                                                    *Counsel for Cable News Network, Inc.*

                                                     /s/ Matthew V. Topic
                                                    Matthew Topic
                                                    (E-Mail:  foia@loevy.com)
                                                    LOEVY & LOEVY
                                                    311 N. Aberdeen, Third Floor
                                                    Chicago, Illinois 60607
                                                    Tel.: (312) 243-5900
                                                    Fax: (312) 243-5902
                                                    DC Bar No. IL0037

                                                    *Counsel for Leopold and BuzzFeed, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused the foregoing to be filed and served

electronically via the Court's ECF System upon counsel of record.


Dated:  January 22, 2020                    /s/ *Charles D. Tobin*
                                            Charles D. Tobin