**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JASON LEOPOLD and BUZZFEED, INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF JUSTICE, et al.**<br><br>        **Defendants.** | |
| **CABLE NEWS NETWORK, INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br><br>        **Defendant.** | **Case No: 1:19-cv-01278-RBW** |

<u>**JOINT STATUS REPORT PURSUANT TO COURT'S ORDER OF JANUARY 13, 2020**</u>

      Plaintiffs Jason Leopold, BuzzFeed, Inc. and Cable News Network, Inc. ("CNN"), and

Defendant United States Department of Justice ("DOJ"), through counsel, hereby file this report

pursuant to this Court's Order of January 13, 2020 (Dkt. 54) regarding the list of individuals

interviewed by the Federal Bureau of Investigation ("FBI") in connection with the investigation

by Special Counsel Robert Mueller.

      <u>**Plaintiffs' Position:**</u>

      As the Court directed, the parties met and conferred on January 23, 2020, regarding the

list provided by DOJ to Plaintiffs on January 3, 2020.  During that conference, counsel for DOJ

stated that it would provide to Plaintiffs an updated list removing the redactions of the names of three additional interviewees.  Plaintiffs also noted a public reference to a December 19, 2018 FBI interview with Jared Kushner in *U.S. v. Calk*, No. 19-cr-00366, Dkt. 47-10, (S.D.N.Y.) (filed Jan. 9, 2020).  Counsel for DOJ also pledged to confer with the FBI review the list in light of Plaintiffs' provision of the names of interviewees whose 302s were previously produced in this litigation and potential duplicate entries on the January 3 list.  DOJ said that after completing that review, it will update the list as needed and release that updated list to Plaintiffs.  Plaintiffs do not believe that this simple administrative task should take another month to complete and suggest that DOJ be required to provide an updated list no later than February 7, 2020.

However, the parties did not come to an agreement regarding other information redacted from the January 3 list.

Plaintiffs' position is that DOJ has had sufficient time since this Court's November 28, 2019 Order (Dkt. 47) to perform the straightforward task of determining which, if any, names on the list are required to be redacted and which interviewees' names should be disclosed in light of the robust public interest in this information, which should outweigh all but the most urgent secrecy considerations.  DOJ indicated that it has not conducted any analysis to determine whether the public interest in disclosure of any names to facilitate the timely release of 302s outweighs any potential privacy interests that form the basis of DOJ's withholding of at least some of the names.

Counsel for Plaintiffs also reiterated to DOJ their position that there is no justification to keep secret the name of any criminal defendant or prosecution witnesses in the various cases arising from the Special Counsel's probe.  This category includes criminal defendants Richard Pinedo, Kamil Ekim Alptekin and Gregory Craig; Roger Stone trial witness Randy Credico; Paul

Manafort trial witnesses Daniel Rabin, Cynthia LaPorta and Philip Ayliff; and Bijan Kian

Rafiekian trial witnesses Michael Boston, James Courtovich, Grant Smith, Michael G. Flynn,

and Robert Kelner.

DOJ asserted that some of the names of interviewees could be withheld to safeguard

grand jury secrecy, but has not explained how the fact that a particular individual had an

interview with the FBI on a certain date could possibly reveal anything regarding any grand jury

activity.  DOJ similarly asserted that privacy considerations might justify withholding the names

of criminal defendants and prosecutors' trial witnesses.  These individuals already have been

quite publicly linked to potential criminal activity, and keeping their names off of this list will

not change that.  Given the extreme importance of this material to the public and the intense

scrutiny of the Special Counsel's investigation and the prosecutions resulting from it, Plaintiffs

find it difficult to conceive of any privacy interest that would override the public's interest in

these names.

**Defendant's Position:**

Pursuant to the Court's Order, Dkt. 47, on January 3, 2020, the FBI created and produced

to Plaintiffs a list of individuals who were interviewed by the FBI in relation to Special Counsel

Mueller's investigation into Russian interference in the 2016 United States presidential election

and for whom a FD-302 form was created.  The list included the total volume of the typewritten

narratives associated with these individuals' FD-302 forms.  As explained to Plaintiffs, the FBI

redacted certain names from the list because revealing the names could affect the FBI's pending

operational sensitivities, potentially reveal protected federal grand jury information, or infringe on

individuals' privacy interests in not being associated with a criminal investigation.  *See Stern v.*

*Fed. Bureau of Investigation*, 737 F.2d 84, 91–92 (D.C. Cir. 1984) (stating that "individuals have

a strong interest in not being associated unwarrantedly with alleged criminal activity"); *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981)). (finding that disclosure of information "naming or identifying grand jury witnesses" "would reveal matters occurring before the grand jury and is, therefore, properly exempt from disclosure pursuant to FOIA Exemption 3"). And, as previously stated, the FBI worked diligently to ensure that the list was complete and correct, but, owing to the short production time and other work (e.g., processing the FD-302s), it is possible that the list included inadvertent errors.

In their status report and at the January 8 status conference, but without first conferring with Defendant's counsel, Plaintiffs raised issues related to the witness list. At the status conference and in its subsequent Order, Dkt. 53, the Court directed the parties to confer about such issues before raising them with the Court.

On January 23, 2020, in compliance with the Court's Order, Dkt. 53, the parties met and conferred regarding remaining issues related to the list of witnesses. Plaintiffs' counsel stated that they identified names of individuals for whom Defendant produced their 302s on January 2 and January 17 (which was after Defendant produced the list of witnesses to Plaintiffs). Plaintiffs' counsel also stated that they identified entries on the witness list that appear to be duplicates and sent the list of their identified names and supposed duplicates to undersigned counsel later that day. Finally, Plaintiffs' counsel identified a court filing in another case in which they claim that the Government officially acknowledged the name of a witness and the date that witness was interviewed. Undersigned counsel informed Plaintiffs' counsel that the FBI would look into these issues, but that, owing to upcoming productions in this case and in other cases, the FBI would not be able to issue a corrected list (if appropriate) until after the next production (which is on February

3).   After conferring with the FBI, it is undersigned counsel's understanding that the FBI anticipates being able to issue a corrected list (if appropriate) by February 28, 2020.

During the parties' meet and confer, Plaintiffs' counsel also stated that the FBI should not redact the names of criminal defendants or witnesses in criminal trials.   As undersigned counsel informed Plaintiffs, Plaintiffs' argument is based upon two mistaken premises.   First, Plaintiffs apparently believe that criminal defendants and witnesses in criminal trials no longer have a privacy interest under Exemption 7(C) under any circumstance.   But courts have rejected this argument.   *See, e.g.*, *Harrison v. Exec. Office for U.S. Attorneys*, 377 F. Supp. 2d 141, 147 (D.D.C. 2005) (upholding the agency's redactions under "Exemption 7(C) to protect the identities of criminal defendants"); *Hawkins v. Drug Enf't Admin.*, 347 F. App'x 223, 225 (7th Cir. 2009) (finding that "[a]lthough the witnesses testified at [a criminal] trial, that did not wholly extinguish their privacy interests").   Second, Plaintiffs fail to recognize that FBI has redacted names not only to protect privacy interests of individuals, but also because revealing the names could affect the FBI's pending operational sensitivities and potentially reveal protected federal grand jury information.

Fundamentally, because the FBI has not yet processed all the FD-302s on the list, the FBI has not yet made a final determination on whether the names can be released.   Until processing of the FD-302s on the list is complete, it is not feasible to determine whether some of the redactions may be lifted in the future.   Once the FD-302s have been processed, the FBI may be in a position to release the names of certain interviewees that are currently redacted on the list.

As a practical matter, however, it is inefficient and of little value to Plaintiffs for the FBI to update the witness list after each production to release the names of individuals for whom Defendant produced their FD-302s.   Conversely, it would be a burden on the FBI to have to re-

review and release an updated witness list after each production.  Rather than repeatedly releasing

an updated witness list to provide Plaintiffs with information they already have—the names of

witnesses listed on the FD-302s that are released in each production—after the FBI evaluates

whether issuing a corrected list is appropriate as described above, the Court should permit the FBI

to turn its entire focus to processing the records subject to the FOIA requests—the FD-302s

themselves.

Dated: January 27, 2020              Respectfully submitted,

                                    */s/ Charles D. Tobin*
                              Charles D. Tobin (D.C. Bar No. 455593)
tobinc@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 661-2200
F: (202) 661-2299

*Counsel for Plaintiff Cable News
Network, Inc.*

/s/ Matthew V. Topic
Matthew Topic
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
DC Bar No. IL0037

*Counsel for Plaintiffs Jason Leopold and
BuzzFeed, Inc.*

ETHAN DAVIS
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant United States*
*Department of Justice*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.


Dated:  January 27, 2020                    /s/ *Charles D. Tobin*
                                                          Charles D. Tobin