IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, BUZZFEED, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-1278 (RBW) |

## JOINT STATUS REPORT

Pursuant to the Court's January 13, 2020, Order, Dkt. 53, and the Court's Minute Order dated February 25, 2020, Plaintiffs Jason Leopold and BuzzFeed, Inc., and Defendant U.S. Department of Justice ("DOJ"), hereby submit this Joint Status Report in this Freedom of Information Act ("FOIA") case.

## BACKGROUND

On March 25, 2019, Plaintiffs submitted the following request to DOJ for all records from the Special Counsel's Office:

> I request disclosure from the Office of Special Counsel Robert Mueller the following records:
>
> 1. All documents and records collected, maintained and stored by the Office of Special Counsel Robert Mueller since May 17, 2017 during the Office's investigation into: any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and (ii) any matters that arose or may arise directly from the investigation; and (iii) any other matters within the scope of 28 C.F.R. § 600.4(a).

Answer, Exh. G (FOIA request), Dkt. 14-7. DOJ granted expedited processing and assigned this request the tracking number DOJ-2019-003143. *See* Answer, Exh. H (DOJ Response), Dkt. 14-8.

Defendant filed a motion for partial judgment on the pleadings concerning this FOIA request, contending that Plaintiffs did not "reasonably describe" the requested records and that Plaintiffs' request was overbroad and would place an unreasonable burden on the Department of Justice and the Federal Bureau of Investigation.  *See* Dkt. 25.  Plaintiffs disputed, and continues to dispute, that the request did not reasonably describe the records and disagrees with Defendant's interpretation of the FOIA statute underlying its motion.  Following briefing, the Court ordered the parties to meet and confer regarding Plaintiffs' "request for all documents and records collected, maintained and stored by the Office of Special Counsel Mueller since May 17, 2017 during the Office's investigation" and "file a joint status report regarding how they wish to proceed with respect to this FOIA request" by February 24, 2020.  Order, Dkt. 53.  In compliance with the Court's Order, the parties met and conferred several times.  On February 24, 2020, the parties filed a joint status report requesting additional time to complete their negotiations.  *See* Joint Status Report, Dkt. 61.

The Court then ordered the parties to "submit a joint status report on or before March 10, 2020, regarding how they wish to proceed with respect to the Leopold plaintiffs' request for all documents and records collected, maintained and stored by the Office of Special Counsel Mueller since May 17, 2017, during the Office's investigation."  Minute Order, Feb. 25, 2020.

Since that time, the parties have met and conferred several more times regarding Plaintiffs' FOIA request and have reached a resolution.  The parties' agreement concerning the scope of Plaintiffs' FOIA request was documented in emails between counsel on March 6 and 7, 2020, and is memorialized below.

## CUSTODY OF THE SPECIAL COUNSEL'S OFFICE FILES

The Federal Bureau of Investigation ("FBI") has custody of the Special Counsel's Office ("SCO") investigative files, and DOJ's Justice Management Division ("JMD") has custody of the non-investigative SCO files. The FBI is responsible for processing FOIA requests for investigative SCO files, and DOJ's Office of Information Policy ("OIP") is responsible for processing FOIA requests for non-investigative SCO files.

## SCOPE OF PLAINTIFFS' FOIA REQUEST

The parties have agreed that the scope of Plaintiffs' FOIA request number DOJ-2019-003143 is as follows:

### Searches to be conducted by the FBI

The FBI will conduct an index search of the Central Records System of the following 24 names of individuals and organizations in the SCO investigative files, which Defendant has explained is reasonably calculated to locate records referencing these people or organizations that the FBI deemed to have investigatory interest during the course of the investigation:

1. Donald Trump
2. Donald Trump, Jr.
3. the Trump Organization
4. Trump Inaugural Committee
5. Rudy Guiuliani
6. Sean Hannity
7. RT
8. Russia Today
9. Sputnik
10. James Comey
11. Cambridge Analytica
12. Crowdstrike
13. Michael Cohen
14. Republican National Committee
15. Hillary Clinton
16. Clinton Foundation
17. Wikileaks
18. DCLeaks

      19.      Joe Biden
      20.      Vladimir Putin
      21.      Trump Tower Moscow
      22.      Alfa Bank
      23.      Felix Sater
      24.      Christopher Steele

The FBI will additionally search the SCO investigative files for all Donald Trump and Donald Trump Jr. tweets collected by the SCO.

The FBI will conduct these searches only after Defendant has completed processing Plaintiffs' and Plaintiff Cable News Network's requests for SCO FD-302s. Therefore, FBI anticipates a gap of production of FBI documents from the conclusion of processing the FD-302s to processing records responsive to this request.. The FBI will not permit Plaintiffs to further revise the FOIA request as it relates to the SCO records in the custody of the FBI.

Plaintiffs prefer that these records be processed before the handwritten notes and attachments to the FD-302s that are still outstanding in the requests made by the Plaintiffs here and by CNN for FD-302 records, should the plaintiffs in both cases seek them. Defendant opposes processing records responsive to this request prior to completion of processing the FD-302s with the handwritten notes and attachments if Plaintiffs here and CNN seek the handwritten notes and attachments, as the cases were consolidated to facilitate processing the FD-302s for both plaintiffs.[1] The parties in both cases will confer as Defendant nears completion of processing the typewritten FD 302s. Should the parties be unable to reach agreement, Plaintiffs may seek an order from the Court requiring Defendant to process the records covered by the

---

[1] On October 3, 2019, the Court consolidated this case with *Cable News Network v. Federal Bureau of Investigation*, No. 19-cv-1626, "to the extent that the plaintiffs in the above-captioned matters are seeking the release of FD-302 forms created by the Federal Bureau of Investigation (the "FBI") in relation to Special Counsel Mueller's investigation into Russian interference in the 2016 United States presidential election." Order, Dkt. 33.

request at issue in this joint status report, which has been granted expedited processing by the government, in parallel with any FD-302 notes and attachments.

**Searches to be conducted by OIP**

OIP will search the non-investigative SCO files in the custody of JMD for all memoranda consisting of a legal analysis on conspiracy.

OIP will search the non-investigative SCO files in the custody of JMD for all memoranda discussing the legal, constitutional, and DOJ policy issues associated with charging a sitting president with a crime.

OIP will search Special Counsel Robert S. Mueller, III's files in the non-investigative SCO files in the custody of JMD for records concerning an interview or subpoena or the possibility of an interview or subpoena of Donald Trump.

OIP will search the emails of Andrew Weissmann, Brandon Van Grack, Jeannie Rhee, Aaron Zelinsky, and Zainab Ahmad in the non-investigative SCO files in the custody of JMD for the following search terms:

1. Donald Trump and taxes (which includes but is not limited to tax returns)
2. Donald Trump Jr. and taxes (which includes but is not limited to tax returns)
3. James Comey and firing and obstruction
4. Michael Cohen and Prague
5. Hillary Clinton and (emails or server)
6. Wikileaks and DNC hack
7. Alfa Bank and (Trump Tower or Server)

News articles or news clips that may result from a search of these terms are not included in the request, unless an individual has commented upon that news article or news clip.

OIP will initiate searches through the emails of Andrew Weissmann, Brandon Van Grack, Jeannie Rhee, Aaron Zelinsky, and Zainab Ahmad within two weeks. OIP will provide an update to Plaintiffs on the volume of potentially responsive records once that information is

request at issue in this joint status report, which has been granted expedited processing by the government, in parallel with any FD-302 notes and attachments.

**Searches to be conducted by OIP**

OIP will search the non-investigative SCO files in the custody of JMD for all memoranda consisting of a legal analysis on conspiracy.

OIP will search the non-investigative SCO files in the custody of JMD for all memoranda discussing the legal, constitutional, and DOJ policy issues associated with charging a sitting president with a crime.

OIP will search Special Counsel Robert S. Mueller, III's files in the non-investigative SCO files in the custody of JMD for records concerning an interview or subpoena or the possibility of an interview or subpoena of Donald Trump.

OIP will search the emails of Andrew Weissmann, Brandon Van Grack, Jeannie Rhee, Aaron Zelinsky, and Zainab Ahmad in the non-investigative SCO files in the custody of JMD for the following search terms:

1. Donald Trump and taxes (which includes but is not limited to tax returns)
2. Donald Trump Jr. and taxes (which includes but is not limited to tax returns)
3. James Comey and firing and obstruction
4. Michael Cohen and Prague
5. Hillary Clinton and (emails or server)
6. Wikileaks and DNC hack
7. Alfa Bank and (Trump Tower or Server)

News articles or news clips that may result from a search of these terms are not included in the request, unless an individual has commented upon that news article or news clip.

OIP will initiate searches through the emails of Andrew Weissmann, Brandon Van Grack, Jeannie Rhee, Aaron Zelinsky, and Zainab Ahmad within two weeks. OIP will provide an update to Plaintiffs on the volume of potentially responsive records once that information is

available.  At that point, if the volume of potentially responsive records is large, the parties agree to confer on options to further narrow the request to avoid additional motion practice.  If the volume of potentially responsive records is large and the parties cannot agree to further narrow the request, Defendant reserves the right to move to dismiss that part of the request as overbroad.

OIP will begin processing responsive records only after Defendant has completed processing Plaintiffs and Plaintiff Cable News Network's requests for SCO FD-302s and only after having reviewed the volume of potentially responsive records.  Plaintiffs prefer that these records be processed before the handwritten notes and attachments to the FD-302s that are still outstanding in the requests made by the Plaintiffs here and by CNN for FD-302 records, should the plaintiffs in both cases seek them.  Defendant opposes processing records responsive to this request prior to completion of processing the FD-302s with the handwritten notes and attachments if Plaintiffs here and CNN seek the handwritten notes and attachments, as the cases were consolidated to facilitate processing the FD-302s for both plaintiffs.  The parties in both cases will confer as Defendant nears completion of processing the typewritten FD-302s.  Should the parties be unable to reach agreement, Plaintiffs may seek an order from the Court requiring Defendant to process the records covered by the request at issue in this joint status report, which has been granted expedited processing by the government, in parallel with any FD-302 notes and attachments.

## PROPOSED FURTHER PROCEEDINGS

Because the parties have reached an agreement concerning the scope of Plaintiffs' FOIA request number DOJ-2019-003143, Defendant agrees to withdraw its pending motion for partial judgment on the pleadings.  The parties respectfully submit that the status conference set for "March 13, 2020, at 11:00 a.m. to discuss the Department's pending motion for partial judgment

on the pleadings" is not necessary and propose that they file a further status report after OIP completes its searches to report on whether they have resolved the scope of the OIP email search as discussed above.

Dated: March 10, 2020               Respectfully submitted,

                                    */s/ Matthew V. Topic*
                                    Matthew Topic
                                    (E-Mail:  foia@loevy.com)
                                    LOEVY & LOEVY
                                    311 N. Aberdeen, Third Floor
                                    Chicago, Illinois 60607
                                    Tel.: (312) 243-5900
                                    Fax: (312) 243-5902
                                    DC Bar No. IL0037

                                    *Counsel for Plaintiffs Leopold and BuzzFeed, Inc.*


                                    ETHAN P. DAVIS
                                    Principal Deputy Assistant Attorney General

                                    ELIZABETH J. SHAPIRO
                                    Deputy Director

                                    */s/ Courtney D. Enlow*
                                    COURTNEY D. ENLOW (N.C. Bar No. 46578)
                                    Trial Attorney
                                    U.S. Department of Justice
                                    Civil Division, Federal Programs Branch
                                    1100 L Street, N.W., Room 12012
                                    Washington, D.C. 20005
                                    Telephone: (202) 616-8467
                                    Facsimile: (202) 616-8470
                                    courtney.d.enlow@usdoj.gov

                                    *Counsel for the Defendant*