# Exhibit 1

Declaration of Vanessa Brinkmann,

dated March 27, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASON LEOPOLD, BUZZFEED, INC., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 19-cv-1278 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al. | ) |
| Defendants. | ) |
| CABLE NEWS NETWORK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-cv-1626 (RBW) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendant. | ) |

**FOURTH DECLARATION OF VANESSA R. BRINKMANN**

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (Department or DOJ). In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from within six senior leadership offices of the Department, specifically the Offices of the Attorney General (OAG), Deputy Attorney

1

General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).  Moreover, the IR Staff is responsible for processing FOIA requests seeking certain records from the Special Counsel's Office (SCO).

2.   The IR Staff of OIP is responsible for conducting searches in response to FOIA requests seeking records of the above-referenced offices, for determining whether records located pursuant to its searches are responsive to those FOIA requests, and, if so, whether such records are appropriate for release in accordance with the FOIA.  In processing such requests, the IR Staff consults with Department personnel in the senior leadership offices, with Department records management staff and/or with other components within the Department, as well as with others in the Executive Branch.

3.   I make the statements herein on the basis of personal knowledge and on information acquired by me in the course of performing my official duties, including my familiarity with OIP's resources and procedures for responding to FOIA requests, my discussions with knowledgeable Department personnel, and my review of and determinations made regarding the request and material at issue in this case.

4.   My first declaration, dated August 23, 2019, set forth the basis for my determination that one of Plaintiff Jason Leopold's requests to OIP in the instant case is overly broad and unduly burdensome.  See ECF No. 25-4.  My second declaration, dated November 12, 2019, specifically addressed the questions directed to Defendants in this Court's October 3, 2019 Order, ECF No. 33, regarding Defendants' FOIA resources.  See ECF No. 38-2.  My third declaration, dated February 24, 2020, addressed the Department's application of FOIA Exemption 5—specifically, the deliberative process privilege, presidential communications privilege and/or attorney work product doctrine—to thirty-seven Form FD-302s (FD-302s)

produced by the Federal Bureau of Investigation (FBI) between November 1, 2019 and January 17, 2020.  See ECF No. 62-8.

5.   This fourth declaration provides additional context for the Department's application of Exemption 5; specifically, the presidential communications privilege.  The presidential communications privilege was not applied to every page of the cited FD-302s, nor was it applied to every page listed below, but rather only to particular, discrete portions appearing on the pages listed below, in accordance with the three categories outlined in my third declaration and OIP's Vaughn Index.[1]

- *Category PCP-1: Communications between government officials or staff during the Administration*

    - Bannon dated February 14, 2018 (FBI Bates pages 132-144, and 149-150)

    - Dearborn dated June 20, 2018 (FBI Bates page 1013)

    - Dhillon dated November 21, 2017 (FBI Bates pages 1198-1210)

    - Hicks dated March 13, 2018 (FBI Bates pages 566, 568-580, and 583)

    - Kelly dated August 2, 2018 (FBI Bates pages 543-546)

    - S. Miller dated October 31, 2017 (FBI Bates pages 1040-1051)

    - Porter dated April 13, 2018 (FBI Bates pages 1087-1104)

    - Porter dated May 8, 2018 (FBI Bates pages 1113-1132)

    - Rosenstein dated May 23, 2017 (FBI Bates pages 651-653)

---

[1] This covers the fourteen unclassified FD-302s from which material was withheld pursuant to the presidential communications privilege.  During the present period of limited access due to the COVID-19 pandemic, Department personnel were unable to review the classified FD-302s, which are stored differently.  The Department expects to be able to provide this information for the five classified FD-302s once access is restored.

3

- Sanders dated July 3, 2018 (FBI Bates pages 1188-1197)

- *Category PCP-2: Communications between Transition officials or staff*

    - Bannon dated February 14, 2018 (FBI Bates pages 136 and 155)

    - Christie dated February 13, 2019 (FBI Bates page 833)

    - Rosenstein dated May 23, 2017 (FBI Bates page 650)

- *Category PCP-3: Communications including one or more private parties*

    - Bannon dated February 14, 2018 (FBI Bates page 147)

    - Christie dated February 13, 2019 (FBI Bates pages 835-840)

    - Cohen dated August 7, 2018 (FBI Bates page 444)

    - Lewandowski dated April 6, 2018 (FBI Bates pages 865-866, and 868-870)

    - Ruddy dated June 6, 2018 (FBI Bates pages 1108-1112)

6. Additionally, this fourth declaration provides an addendum to the description of one of the subjects of actual or potential presidential decisionmaking in each of the categories. In paragraphs 23(b), 26(b), and 30(b) of my third declaration, each of those entries should end with "and other government officials."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____

Vanessa R. Brinkmann
Senior Counsel

Executed this 27th day of March, 2020.

4