IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD and BUZZFEED, INC., <br><br>   Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <u>et al.</u> <br><br>   Defendants. <br><br> CABLE NEWS NETWORK, INC., <br><br>   Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br>   Defendant. | Case No: 1:19-cv-01278-RBW |

## THIRD NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Cable News Network, Inc., Jason Leopold and Buzzfeed Inc. (together, "Plaintiffs") respectfully submit this Notice to inform the Court of the Government's Motion to Dismiss the Criminal Information Against Defendant Michael T. Flynn in *United States v. Flynn*, No. 1:17-cr-232 (EGS) (filed May 7, 2020) (Dkt. 198) ("Mot. to Dismiss *Flynn*" or "Motion"). A true and correct copy of the Motion and its exhibits is attached hereto as Exhibit 1. The Motion is relevant to this case because it is an in-court statement by Defendant Department of Justice ("DOJ") that contradicts Defendant's position in its motion for partial summary judgment

1

here, and the largely unredacted McCord 302 attached as an exhibit shows Defendant's Exemption 5 redactions to the version provided to Plaintiffs were overbroad.

In its memoranda regarding the cross-motions for partial summary judgment, DOJ asserted that the government misconduct exception could not apply in this case absent a showing that the documents themselves were created in the course of government misconduct. Dkt. 72 at 23. DOJ argued that the 302s at issue are not subject to the government misconduct exception because "Plaintiffs do not contend that the Special Counsel's investigation was not a legitimate government process or that the FD-302s were not created as part of that process." *Id.*

Now, however, it is DOJ itself that affirmatively asserts that the Russia Investigation was illegitimate – at least as it applies to the case against Flynn. *See* Mot. to Dismiss *Flynn* at 17 (asserting that the FBI interview that formed the basis of the 18 U.S.C. § 1001 charge to which Flynn pleaded guilty was part of "an investigation that had neither a legitimate counterintelligence nor criminal purpose."). As support for this contention that the investigation was illegitimate, the Motion refers 26 times to the 302 narrative for the interview of Mary McCord, the former head of DOJ's National Security Division, a largely unredacted version of which is attached as an exhibit. *See* Mot. to Dismiss *Flynn* Ex. 3 (Dkt. 198-4). Now that DOJ has reversed itself and asserted to Judge Sullivan that the McCord 302 was part of an illegitimate investigation, it cannot maintain its argument in this case that the government misconduct exception could not apply to the McCord 302 (or, for that matter, to the 302s for interviews with Flynn or any other witness in the Flynn portion of the Russia Investigation).

The lightly redacted version of the McCord 302 attached to the Motion also shows that much of the material redacted pursuant to Exemption 5 from the version provided to Plaintiffs

was improperly withheld. For example, the exhibit to the Motion shows that DOJ had redacted the following passages from the version provided to Plaintiffs:

- "McCord took notes on a variety of things, given the scope of her responsibilities." Dkt. 198-4 at 1.

- "McGahn asked if Flynn had been interviewed by the FBI and Yates told him that he had been interviewed **two days previously, on Tuesday**." *Id.* at 7. (The text in bold was redacted from the version provided to Plaintiffs.)

- Section heading: "Flynn's Resignation and Aftermath." *Id.* at 10.

- "On February 13, 2017, Flynn resigned from his position as National Security Advisor. *Id.*

- Section heading: "Comey Firing and Appointment of Special Counsel." *Id.* at 11.

- "McCord provided nineteen pages of unclassified emails and a calendar printout, which she had pulled and reviewed in advance of the interview to refresh her memory. Those documents will be maintained in the case file." *Id.* at 12.

This factual material is not predecisional and deliberative, as the government has contended. It is not protected by the deliberative process privilege, and it also does not reflect the mental impressions of counsel, and thus is not protected as attorney work product. Indeed, DOJ's filing of this version of the McCord 302 in the Flynn case has waived any privilege that might have legitimately attached to it.

Because the Motion and its exhibits are highly relevant to this case, Plaintiffs respectfully request that the Court take notice of it.

Dated: May 18, 2020

Respectfully submitted,

/s/ Charles D. Tobin
Charles D. Tobin (D.C. Bar No. 455593)
tobinc@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 661-2200

F: (202) 661-2299
*Counsel for Cable News Network, Inc.*

 */s/ Matthew V. Topic*
Matthew Topic
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
DC Bar No. IL0037
*Counsel for Leopold and BuzzFeed, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.


Dated:  May 18, 2020            /s/ *Charles D. Tobin*
                                      Charles D. Tobin