IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, BUZZFEED, INC. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action No. 19-cv-1278 (RBW) |
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION <br><br> Defendant. | Civil Action No. 19-cv-1626 (RBW) |

**JOINT STATUS REPORT**

Pursuant to the Court's April 30, 2020, Minute Order, Plaintiffs Jason Leopold and BuzzFeed, Inc.; Plaintiff Cable News Network, Inc. ("CNN"); and Defendant U.S. Department of Justice ("DOJ"), hereby submit this Joint Status Report in this consolidated Freedom of Information Act ("FOIA") case. In that Minute Order, the Court ordered the parties to confer and "file a joint status report proposing a schedule governing further proceedings in this case."

**I.    Plaintiffs' Statement**

Plaintiffs CNN, Leopold and BuzzFeed believe that as restrictions related to the COVID-19 pandemic continue to ease, DOJ should prioritize resuming the processing and production of

the FD-302 reports at issue in this litigation and return to the rate of 800 pages per month this Court set in its Order of February 5, 2020 [Dkt. 60]. As the Court recognized by requiring DOJ to review and produce non-exempt portions of 300 pages in May, production of these public records should be prioritized because of their vital importance to voters considering their choices in the upcoming Presidential election. DOJ's newly announced position that the portions of the investigation relating to former National Security Advisor Michael Flynn were illegitimate, as Plaintiffs noted in their Third Notice of Supplemental Authority [Dkt. 78], and the narrowing window of time until the Presidential election, make the public release of these documents even more urgent.

DOJ has represented that it will likely comply with the Court's order to process 300 pages during May – at a time when its reported capacity was at one-third pre-pandemic levels. Now that half of the workforce can be deployed to process and produce these documents, Plaintiffs believe that by prioritizing processing of the 302s at issue in this case, particularly in comparison with other requests that are not in litigation or are not subject to court-ordered production schedules, DOJ should be able to meet the Court's previously ordered target. Plaintiffs therefore propose that the Court order DOJ to resume processing the typewritten narratives of the FD-302 reports at the previously ordered rate of 800 pages per month, beginning with the production to be made on or before July 1, 2020.

Should the Court determine that DOJ's actual processing capacity would not support that monthly rate of production, Plaintiffs would alternatively request that the Court enter an order requiring DOJ to complete its processing and production of the typewritten 302 reports by no later than October 1, 2020, so that voters may have this information in time to make informed decisions about the election.

Finally, should the Court simply determine to leave the production rate at 300 pages per month, then to enable Plaintiffs and the Court to ensure that FBI and DOJ process the requests at issue here and other requests in an orderly manner and with the level of priority required under their statutory obligations, Plaintiffs respectfully request that the Court direct Defendants to provide the following information by no later than June 3, 2020:

1. The estimated total number of pages FBI can process per month under current staffing.

2. The total number of pages per month FBI would be under court order to produce in the months of June and July but for the pandemic, separately for requests that were granted expedited processing and requests that were not. *See Elec. Privacy Info. Ctr. v. Dep't of Justice,* 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (expedited requests entitled to faster processing).

Finally, Plaintiffs respectfully request that the Court order the parties to file another joint status report no later than June 10, 2020.

## II. **Defendant's Statement**

Defendant provides the following update as to the impact on FOIA processing operations as a result of the ongoing pandemic. The Federal Bureau of Investigation ("FBI"), and, specifically, the Record/Information Dissemination Section ("RIDS"), is primarily responsible for processing and producing the non-exempt portions of the FD-302s to Plaintiffs. RIDS employees were designated as not mission-critical and were sent home as of March 17, 2020. Decl. of David Hardy ¶ 13 (Apr. 24, 2020), Dkt. 77-1. RIDS resumed FOIA operations in a limited fashion on April 29, 2020. *Id.* ¶ 17. However, RIDS's operations have been and continue to be limited in order to practice social distancing and to take into account the inability

of certain employees to return to work. *See id.* ¶¶ 17–19. From April 29 through May 22, no more than one third of RIDS employees were permitted to work on any given day. *Id.* ¶ 18.

Undersigned counsel has been informed that as of May 26, 2020, RIDS has changed its schedule such that all employees who are able to work are working half days, either a morning or an afternoon shift. RIDS employees who identify as high-risk for infection (due to age or pre-existing condition) will remain on Administrative Leave and are not available to process records. Other employees will be unable to return to work because all schools in Virginia and many day care facilities are closed. And, as previously described, RIDS employees are not able to process records while teleworking because processing is done on classified systems. *Id.* ¶¶ 14–16. As a result of these social distancing and health and safety measures, RIDS is operating with less than 50% of its employees working during each shift. Accordingly, while RIDS is processing records responsive to FOIA requests, its capacity to process records remains much lower than normal.

Moreover, RIDS is not able to increase the number of employees processing the FD-302s to reach Plaintiffs' requested 800 page-per-month schedule for the month of June. Given the complexity of the records from the Special Counsel's Office ("SCO"), RIDS "designated a specialized team whose mission it is to handle all requests for SCO records and related matters, and to process SCO and SCO-related records." Decl. of David Hardy ¶ 21 (Aug. 9, 2019), Dkt. 25-5. "It has taken many months for this team to develop expertise in responding to the wide array of interconnected SCO investigations and investigative issues." *Id.* Therefore, even if RIDS pulled individuals from other teams to process the FD-302s, those employees would nevertheless be unable to develop the specialized expertise in time to process 800 pages of the typewritten narratives of the FD-302s by July 1. And, if RIDS did pull individuals from other

teams to process the FD-302s, they would necessarily not be processing records responsive to other FOIA requests, which would be unfair to those requesters.

Finally, RIDS's ability to process the FD-302s is limited by the availability of subject matter experts. Subject matter experts are FBI employees who work outside of RIDS and who review the materials to ensure FBI equities are properly addressed. *Id.* ¶ 19. Subject matter experts include "special agents and intelligence analysts who worked on particular investigations; special agents, intelligence analysts, or other employees who are experts in their particular operational or technical subject matters, such as cyber or foreign intelligence threats or CART examinations; or attorneys." *Id.* ¶ 19 n.9. Undersigned counsel has been informed that most divisions and offices in the FBI are on modified work schedules (to include rotational schedules similar to those RIDS has implemented). This means that the subject matter experts who must review the FD-302s are juggling operational demands (*i.e.*, work on currently pending investigations) with these (and other) document reviews on less-than-full-time schedules.

Based on these representations from the FBI regarding its operating status and the developing situation concerning the pandemic's effect on governmental operations, Defendant respectfully requests that the Court maintain the 300 page-per-month schedule set in the April 30, 2020 Minute Order. Under this schedule, the FBI would release the non-exempt portions of 300 typewritten pages of processed FD-302s to Plaintiffs on July 1, 2020.

Processing more than 300 pages per month, as Plaintiffs request, is not feasible given RIDS's reduced operations without detrimentally impacting its ability to process records in response to other FOIA requests. The FBI has approximately 100 FOIA cases in litigation where responsive records are being processed or will require processing. Since RIDS resumed limited FOIA operations on April 29, RIDS has attempted to process at least some pages in each of these

pending cases in litigation. If RIDS is ordered to process more pages in this case, requesters in other cases will receive fewer—and perhaps not any—records responsive to their requests. Such an order would be unfair to those requesters, who are already receiving much fewer than the 300 pages per month that the Court ordered in this case.

Defendant further requests that the parties file another joint status report in 30 days (on June 26, 2020), to address the operating status of RIDS and propose a schedule governing further proceedings in the case.

Dated: May 27, 2020                                                  Respectfully submitted,


                                             /s/ Charles D. Tobin
Charles D. Tobin (D.C. Bar No. 455593)
tobinc@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 661-2200
F: (202) 661-2299
*Counsel for Cable News Network, Inc.*

                                             /s/ Matthew V. Topic
Matthew Topic
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
DC Bar No. IL0037
*Counsel for Leopold and BuzzFeed, Inc.*

    ETHAN P. DAVIS
    Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW (N.C. Bar No. 46578)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12012
Washington, D.C. 20005
Telephone: (202) 616-8467
Facsimile: (202) 616-8470
courtney.d.enlow@usdoj.gov

*Counsel for the Defendant*