IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD and BUZZFEED, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE, <u>et al.</u>** <br><br> **Defendants.** <br><br> **CABLE NEWS NETWORK, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION,** <br><br> **Defendant.** | Case No: 1:19-cv-01278-RBW |

## MOTION TO MODIFY ORDERS OF FEBRUARY 5, 2020 AND JUNE 9, 2020

Plaintiffs Cable News Network, Inc., Jason Leopold and Buzzfeed Inc. (together, "Plaintiffs"), through counsel, hereby move this Court to modify its orders of February 5, 2020 (Dkt. 60) and June 9, 2020 (Dkt. 80) to require Defendant United States Department of Justice ("DOJ") to produce to Plaintiffs, by October 1, 2020, the non-exempt portions of all typewritten narratives of the FBI 302s it has provided to other agencies for "referral" and/or "consultation" and to provide specific justifications for all redactions or withholdings of those 302 narratives. Counsel for the Government has informed Plaintiffs' counsel that DOJ opposes this motion.

1

      **I.**      **Scores of 302 Reports, Some Since January 2020,Remain Tied Up By Referrals to Other Agencies**

Throughout this litigation, DOJ has failed to complete its processing and production of scores of 302 reports on grounds that it has provided them to other agencies for "referral," "consultation" or "coordination."[1] Just this month, DOJ acknowledged to Plaintiffs' counsel that 123 of the 302s are currently subject to this referral/consultation process. *See* Exhibit A. Nearly half of that total – 61 – have been in the other agencies' hands for more than a month, and of those, 49 have been pending for more than 60 days. *Id.* Since this Court ordered DOJ to describe its monthly progress in producing those referred records, *see* Dkt. 60 at 2, the Department has produced just <u>six</u> such reports, and did not include any in its August production. Ex. A.

When Plaintiffs raised this issue in January, *see* Dkt. 54, DOJ represented to this Court that as of January 29, 2020, it had withheld 14 of the 302 reports DOJ had reviewed up to that point because of referrals. Dkt. 57 at 9. This means that, in the past six months since that representation, the number of 302s withheld pending referrals has grown by more than eightfold. Moreover, of the 14 302s that the DOJ reported in January were out for referrals to other agencies, <u>less than half</u> have been produced to date.

Without Court intervention, these other agencies will indefinitely hold up the release of these important and politically sensitive public records. *See* Dkt. 57 at 11. Under the current

---

[1] *See* Second Decl. of David M. Hardy ¶¶ 5-6 (Dkt. 57-1) (explaining that a "referral" sends the record to another agency requesting that agency process the record for production directly to the requester; a "consultation" involves providing the record to another agency for identification of exempt material but returning it to DOJ for production; and "coordination" involves a similar process seeking a determination from another agency about potential withholdings but without notifying the requester).

Court scheduling, DOJ will conclude the production of the typewritten 302 narratives by November 2, 2020. The Court should require that these additional narratives, still out for referral to other agencies, be produced before that date.

## II. DOJ Alone Is Responsible for Producing the 302 Reports

Under the law of this circuit, the referral of records to another agency is tantamount to a withholding under FOIA "if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them". *McGehee v. CIA*, 697 F.2d 1095, 1109-10 (D.C. Cir. 1983). It is well settled that, as the recipient of the relevant FOIA requests, DOJ "*must* take responsibility for processing the request[s]." *Id.* at 1110 (emphasis added); *see also, e.g.*, *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 70 (D.D.C. 2008) ("Because the agency who received the FOIA request . . . is the agency ultimately responsible for responding to the request, the agency is not absolved of its obligations under FOIA when it refers the documents elsewhere."). Thus, "[a] District Court with jurisdiction of the agency possessing the disputed documents will therefore have jurisdiction to resolve the status of those documents," regardless of whether the records have been referred to another agency for processing or consultation. *Paisley v. CIA*, 712 F.2d 686, 691 (D.C. Cir. 1983). The referral procedure is simply a part of the agency's duty in processing FOIA requests. A referral does not permit the agency receiving the request to evade its statutory responsibilities merely because another agency is recalcitrant.

For this reason, in *Paisley*, the D.C. Circuit held that because the FBI retained the statutory responsibility for the records subject to the FOIA request, the trial court had authority to order FBI to produce those documents even though the FBI had referred the documents to DOJ for processing. *Id.* at 691. The Court of Appeals ordered the FBI to "present an updated

justification for withholding all or part of those documents" within 30 days and directed the district court to order release of the records "[i]f the agency cannot show that any FOIA exemption properly applies." *Id.* at 691-92.

Here, Plaintiffs seek the same type of relief from this Court as in *Paisley*: an order requiring DOJ to perform its statutory obligations regarding <u>all</u> of the 302 narratives, determine what material reasonably may be withheld under FOIA's exemptions, and produce the rest to Plaintiffs.[2]  Plaintiffs therefore respectfully request that the Court grant this Motion and modify its orders of February 5, 2020 (Dkt. 60) and June 9, 2020 (Dkt. 80) to require Defendant United States Department of Justice ("DOJ") to produce to Plaintiffs, by October 1, 2020, the non-exempt portions of all typewritten narratives of the FBI 302s it has provided to other agencies for "referral" and/or "consultation" and provide specific justifications for all redactions from and withholdings of those 302 narratives.

## LOCAL CIVIL RULE 7(m) STATEMENT

Purusuant to Local Civil Rule 7(m), counsel for Plaintiffs conferred with counsel for DOJ via email on August 18 and 19, 2020.  Counsel for DOJ stated that DOJ opposes this motion.

Dated: August 19, 2020                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 */s/ Charles D. Tobin*
　　　　　　　　　　　　　　　　　　　　　Charles D. Tobin (D.C. Bar No. 455593)
　　　　　　　　　　　　　　　　　　　　　tobinc@balladspahr.com
　　　　　　　　　　　　　　　　　　　　　Matthew E. Kelley (D.C. Bar No. 1018126)
　　　　　　　　　　　　　　　　　　　　　kelleym@ballardspahr.com

---

[2] It is not necessary for this Court to order any non-party agency to take any action, because the legal responsibility lies with DOJ.  *Paisley*, 712 F.2d at 691.  The Court also has the authority, however, to order other federal agencies to process and release the records.  *See Judicial Watch, Inc. v. United States DOC*, 34 F. Supp. 2d 28, 44 (D.D.C. 1998) ("In the context of this FOIA action, for example, this Court's orders compelling production of illegally withheld documents may be enforced not only against the DOC but also against any nonparties to which the DOC transferred possession of responsive documents in an attempt to circumvent the FOIA and the orders of this Court.") (citing, *inter alia*, Fed. R. Civ. P. 65(d) & 71).

BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 661-2200
F: (202) 661-2299
*Counsel for Cable News Network, Inc.*


 */s/ Matthew V. Topic*
Matthew Topic
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
DC Bar No. IL0037
*Counsel for Leopold and BuzzFeed, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.

Dated:  August 19, 2020                    /s/ *Charles D. Tobin*
                                                      Charles D. Tobin