**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JASON LEOPOLD and BUUFEED, INC.,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE, <u>et al.</u>**<br><br>          **Defendants.** | |

**Case No: 1:19-cv-01278-RBW**

| |
|---|
| **CABLE NEWS NETWORK, INC.,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br><br>          **Defendant.** |

**REPLY IN SUPPORT OF MOTION TO MODIFY ORDERS
OF FEBRUARY 5, 2020 AND JUNE 9, 2020**

Plaintiffs Cable News Network, Inc., Jason Leopold and Buzzfeed Inc. (together, "Plaintiffs"), through counsel, hereby reply in support of their Motion (Dkt. 81) to modify the Court's orders of February 5, 2020 (Dkt. 60) and June 9, 2020 (Dkt. 80) to require Defendant United States Department of Justice ("DOJ") to produce to Plaintiffs, by October 1, 2020, the non-exempt portions of all typewritten narratives of the FBI 302s it has provided to other agencies for "referral" and/or "consultation" and to provide specific justifications for all redactions or withholdings of those 302 narratives.

DOJ's Opposition acknowledges that it alone has the legal responsibility for processing and producing the important public records at issue in this case.  Opp. at 6 (Dkt. 82).  The Court, therefore, can and should order DOJ to produce all non-exempt portions of the FBI 302 narratives by a date certain.   Plaintiffs are not asking the Court to "disregard FBI's process and order the disclosure of potentially classified and/or law enforcement sensitive information that may otherwise be exempt under the FOIA."  Opp. at 7.  Plaintiffs simply ask the Court to end the delays in the FBI's "process" that have left dozens of FD-302s sitting on the desks of other agencies, some for as long as eight months.  These public records clearly will continue to sit at those other agencies past the upcoming Presidential election without firm judicial management of the timeline.

Indeed, while consultations with other agencies[1] are "clearly contemplated" under FOIA, the Court may order DOJ to release records if the consultation process "significantly impair[s] the requester's ability to obtain the records or significantly . . . increase[s] the amount of time he must wait to obtain them" and the agency cannot provide a reasonable explanation for its actions. *McGehee v. CIA*, 697 F.2d 1095, 1110 & n.71 (D.C. Cir. 1983) (citing 5 U.S.C. § 552(a)(6)(B)(iii)); *see also* Opp. at 5 (same).  As the D.C. Circuit has explained, the district court makes a case-specific determination of whether withholding for consultation with other agencies is proper.  *McGehee*, 697 F.2d at 1111; *see also Peralta v. United States Attys. Office*, 136 F.3d 169, 175-76 (D.C. Cir. 1998) (remanding to district court for determination if DOJ's referral was appropriate).

---

[1] DOJ has clarified that it has not "referred" any 302s to another agency for that agency to determine what withholdings should be made, but rather has consulted other agencies to seek their recommendations on any potential withholdings.  Opp. at 5 n.1.

Here, DOJ has unreasonably withheld more than 100 FD-302 reports, some for many months, in this consultation process.  This Court already has recognized that these records are of paramount importance to the upcoming Presidential election.  Allowing DOJ to continue to withhold these records until after that election, as the trajectory of these consultations makes clear will happen, will "significantly impair," not only the Plaintiffs' ability to obtain these records, but the public's access to information that may inform their decisions at the ballot box.

DOJ itself acknowledges that a two-week consultation period is sufficient for the other agencies to make any determinations – its declarant avers that the FBI has requested that the other agencies respond within two weeks of the consultation request.  Second Seidel Decl. ¶ 21. Despite the FBI's own determination that two weeks should suffice, some 40 consultation requests have been pending for more than three months.  *Id*. ¶ 19.  Even taking into account the disruptions caused by the COVID-19 pandemic, that delay is flatly unreasonable, particularly given the importance of these records.

Further, it bears emphasis that the 302 reports are the FBI's own records.  Not only is DOJ, as the FBI's parent department, responsible for responding to Plaintiffs' FOIA requests and releasing these public records, the FBI is responsible for determining in the first instance whether they contain classified material or information that is otherwise exempt from FOIA.  As part of the intelligence community, the FBI has the authority, and presumably the expertise, necessary to determine what information is classified.  The consultations with other agencies are advisory only; the FBI has specifically retained the authority to disregard another agency's advice on what should be withheld.  *See* Second Seidel Decl. ¶ 14(b) (FBI "resolves conflicting recommendations" from other agencies prior to release).

DOJ argues that its continued withholding of 113 FD-302 reports for consultations is reasonable because it is following its own regulations and the FBI's standard procedures[2] and has checked in monthly to prod the other agencies.  Opp. at 4-8.  But the mere fact "that the [agency] complied with its FOIA regulations regarding referral does not necessarily render the withholding proper."  *Waterkeeper Alliance v. United States Coast Guard*, 2014 U.S. Dist. LEXIS 151959, at *35 (D.D.C. Dec. 29, 2014).  The relevant DOJ regulations do not speak to the length of time necessary for a reasonable consultation process and do not require DOJ to withhold records until the other agency replies.  *See generally* 28 C.F.R. § 16.4.[3]  Neither those regulations nor the case law provide DOJ with the cover to withhold records interminably and fault the consultation process.  *See Hall v. CIA*, 668 F. Supp. 2d 172, 182 (D.D.C. 2009) (procedure that "significantly increased" time requesters waited for records constituted an improper withholding).

DOJ's declarant also notes that that there is "no statutory or regulatory mechanism by which one agency can compel another agency that is not a party to the litigation" to respond to a consultation request.  Second Seidel Decl. ¶ 16.  That is precisely why the Court has the power to

---

[2] DOJ argues that the FBI's standard procedure is to refuse to identify other agencies from which it requests consultation on responding to FOIA requests.  Second Seidel Decl. ¶ 11.  DOJ cannot cite any provision in FOIA that permits an agency to withhold the names of consulting agencies. And even if such secrecy were warranted in certain instances to avoid divulging classified information, DOJ has provided <u>no</u> specific justification for doing so in this case.  Moreover, the involvement of other intelligence agencies has been repeatedly and publicly acknowledged.  *See, e.g.*, Mueller Report Vol. II at 12 (noting President Trump's contacts with the Director of National Intelligence, the Central Intelligence Agency and the National Security Agency in apparent attempts to influence the investigation).

[3] DOJ misstates its own regulations when it asserts that the consultation process under 28 C.F.R. § 16.4(d)(1) is "required."  Opp. at 5.  That regulation states that "the component processing the request should typically consult with that other component or agency prior to making a release determination."  28 C.F.R. 16.4(d)(1); *see also Yunes v. United States DOJ*, 263 F. Supp. 3d 82, 88-89 (D.D.C. 2017) (stating that similar wording in 28 C.F.R. § 16.4(d)(2) regarding referrals is permissive, not mandatory).

hold DOJ to its legal responsibility to respond to Plaintiffs' FOIA requests and release the public

records it is improperly withholding.  *See Paisley v. CIA*, 712 F.2d 686, 691 (D.C. Cir. 1983).

Otherwise, an agency could shirk its statutory responsibilities and evade court orders – and thus

render FOIA a dead letter – merely by shifting blame to agencies that are not parties to the

litigation.  The Court should not allow DOJ to do so here.[4]

Finally, it bears emphasis that even as DOJ asserts the FBI is treating these consultations

with urgency, their declarant makes clear the Bureau has been far from diligent.  For example,

the agencies acknowledge that once a 302 returns from another agency, it is produced with the

succeeding month's production, regardless of when in the month FBI receives the returned 302.

Opp. at 3; Second Seidel Decl. ¶¶ 11 n.6, 24.  There is no justification for further delaying

production of 302s that are fully processed and were owed to Plaintiffs in a prior production;

DOJ should be releasing those 302s as soon as they are ready rather than waiting until the next

monthly production.  DOJ also represents as remarkable the email outreach of a few FBI officials

who would not ordinarily get involved in this process, yet, of the 22 other agencies involved,

DOJ points to just two who received this allegedly extraordinary attention.  Opp. at 3, 6; Second

Seidel Decl. ¶ 23.  What's more, although FBI represents that it is following up "every month" or

"at least on a monthly basis," Second Seidel Decl. ¶¶ 23, 28, it is hard to imagine that other

---

[4] It is also worth reiterating that FOIA is a disclosure statute, not a withholding statute.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) ("disclosure, not secrecy" is FOIA's "basic policy").  DOJ's overwrought assertion that Plaintiffs "seek to compel the FBI to produce potentially sensitive information in the FD-302s that members of the Intelligence Community or law enforcement agencies may determine should be protected from disclosure," Opp. at 1, attempts to turn FOIA on its head.  These records are presumptively public, and it is DOJ's burden to justify any withholdings of any part of them.  The statute – and the public interest – demands no less.

agencies with their own responsibilities would feel any sense of urgency receiving just one email each month asking if they have completed the consultation process.

For all of the foregoing reasons, and for all of the reasons set forth in their Motion, Plaintiffs respectfully request that the Court grant their Motion and modify its orders of February 5, 2020 (Dkt. 60) and June 9, 2020 (Dkt. 80) to require DOJ to produce to Plaintiffs, by October 1, 2020, the non-exempt portions of all typewritten narratives of the FBI 302s it has provided to other agencies for "referral" and/or "consultation" and provide specific justifications for all redactions from and withholdings of those 302 narratives.

Dated:  August 31, 2020                    Respectfully submitted,

                                            */s/ Charles D. Tobin*
                                            Charles D. Tobin (D.C. Bar No. 455593)
                                            tobinc@balladspahr.com
                                            Matthew E. Kelley (D.C. Bar No. 1018126)
                                            kelleym@ballardspahr.com
                                            BALLARD SPAHR LLP
                                            1909 K Street, NW
                                            Washington, D.C. 20006-1157
                                            T: (202) 661-2200
                                            F: (202) 661-2299
                                            *Counsel for Cable News Network, Inc.*


                                            */s/ Matthew V. Topic*
                                            Matthew Topic
                                            (E-Mail:  foia@loevy.com)
                                            LOEVY & LOEVY
                                            311 N. Aberdeen, Third Floor
                                            Chicago, Illinois 60607
                                            Tel.: (312) 243-5900
                                            Fax: (312) 243-5902
                                            DC Bar No. IL0037
                                            *Counsel for Leopold and BuzzFeed, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this date, I caused the foregoing to be filed and served

electronically via the Court's ECF System upon counsel of record.


Dated:  August 31, 2020                     /s/ *Charles D. Tobin*
                                            Charles D. Tobin