**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
JASON LEOPOLD, BUZZFEED, INC.,                            )
                                                          )
                          Plaintiffs,                     )
                                                          )
                    v.                                    )        Civil Action No. 19-cv-1278 (RBW)
                                                          )
UNITED STATES DEPARTMENT OF                               )
JUSTICE, et al.                                           )
                                                          )
                          Defendants.                     )
_____                )
                                                          )
CABLE NEWS NETWORK,                                       )
                                                          )
                          Plaintiff,                      )
                                                          )
                    v.                                    )        Civil Action No. 19-cv-1626 (RBW)
                                                          )
FEDERAL BUREAU OF                                         )
INVESTIGATION,                                            )
                                                          )
                          Defendant.                      )
_____                )

**DEFENDANT'S MOTION FOR CLARIFICATION**
**AND PARTIAL RECONSIDERATION OF THE COURT'S AMENDED ORDER**
**AND REQUEST FOR EXPEDITED RULING**

On September 4, 2020, the Court ordered "that, on or before October 9, 2020, the government agencies to which the Department [of Justice] has sent typewritten narratives of the FD-302s for consultation shall complete their review of such documents." Order, Dkt. 88. To the extent that "any agency cannot comply with the Court's deadline," the Court directed that "a representative from that agency and the Department shall appear before the Court for an *ex parte* hearing on October 7, 2020, at 9:00 a.m." *Id.* The Court further ordered that, "on or before October 30, 2020, the Department shall produce to the plaintiffs the non-exempt portions of the typewritten

narratives of all the FD-302 forms created by the FBI in conjunction with Special Counsel Robert Mueller's investigation into Russian interference in the 2016 United States presidential election, including the typewritten narratives of the FD-302s that were provided to other government agencies for consultation." *Id.*

On September 8, 2020, the Court amended its Order in part, by converting the *ex parte* hearing on October 7 into a status conference with the parties. Amended Order, Dkt. 90. Specifically, the Court ordered that, "[i]n the event that any agency cannot comply with the Court's deadline, a representative from that agency and the parties shall appear before the Court for a status conference on October 7, 2020, at 9:00 a.m. If necessary, an agency's representative may request to make *ex parte* representations to the Court during the hearing." *Id.*

Defendant seeks clarification and, if necessary, reconsideration as to two parts of the Amended Order. First, Defendant seeks clarification as to whether the Court's Amended Order applies only to *pending* consultations—that is, those consultation/coordination requests that were pending as of the date of the Court's Amended Order—or if the Court's Amended Order also applies to consultation/coordination requests that may be identified by the FBI in its processing of 800 pages for the October 1 production but that have not yet been sent as consultation/coordination requests to other governmental agencies. If the Court's Amended Order pertains to the latter, Defendant respectfully requests reconsideration of the Amended Order, because the other governmental agencies would have merely days to review the FD-302s for their information and provide final responses to the FBI before the October 9 deadline.

Second, Defendant seeks clarification as to whether the Court's Amended Order would require the other governmental agencies with which the FBI is consulting to be identified during the October 7 status conference. If the Court's Amended Order requires such disclosure,

Defendant respectfully seeks reconsideration of the Amended Order, because the disclosure of the agencies with which the FBI is consulting could result in inadvertent disclosure of classified and/or law enforcement sensitive information that would otherwise be exempt under the Freedom of Information Act.  *See* Second Decl. of Michael G. Seidel ¶ 11 (Aug. 28, 2020), Dkt. 82-1 (hereinafter, "Second Seidel Decl.").

In compliance with Local Rule 7(m), undersigned counsel conferred with counsel for Plaintiffs, and Plaintiffs do not consent to the relief requested in this motion.

A proposed order accompanies this motion.

## LEGAL STANDARD

Interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)."  *Menoken v. Lipnic*, 2018 WL 3474465, at *2 (D.D.C. July 19, 2018) (citation omitted).  Courts in this jurisdiction have established that reconsideration is appropriate "as justice requires."  *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005).  A court may consider "whether the court patently misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court."  *Menoken*, 2018 WL 3474465, at *2 (citation omitted).  Even when the applicable legal standard is not met, the Court may choose to grant reconsideration if there are other good reasons for doing so.  *Cobell*, 355 F. Supp. 2d at 540.

**ARGUMENT**

I.   **The Amended Order Should Not Apply to Consultation/Coordination Requests Identified by the FBI During its Processing of the October 1 Production.**

Defendant respectfully seeks clarification and/or reconsideration of the part of the Court's Amended Order directing completion of other governmental agencies' review of the FD-302s by October 9, 2020 and production of all non-exempt portions of the typewritten narratives of the FD-302s, including the typewritten narratives of the FD-302s that were provided to other government agencies for consultation, by October 30, 2020.   If the October 9 deadline applies to consultation/coordination requests identified by the FBI this month, some other governmental agencies would have mere days to review the FD-302s before they would be required to provide a final response to FBI or appear at a hearing to explain why they have not finished their review. This expedited process is not warranted, as none of the FD-302s that the FBI is processing this month are those that were cited in the Special Counsel's "Report On The Investigation Into Russian Interference In The 2016 Presidential Election" (the "Mueller Report").

The FBI prepares consultation/coordination requests as part of its monthly processing duties.   Each month, the FBI has been processing 800 pages of typewritten narratives of FD-302s. During that processing, the FBI not only identifies classified and other exempt information, but it also identifies any information or equities of other governmental agencies within the FD-302s, marks that information, notes which agency needs to review the information, and prepares consultation/coordination packages to be sent to the other governmental agencies.   Second Seidel Decl. ¶ 12.   "Records must be fully processed to identify any classified material before they can be sent for consultation/coordination because that will govern how they are handled by both the FBI and the [other governmental agency]."   *Id.* ¶ 13.   "Classified information requires that government personnel receiving and handling the information be properly cleared, and that the

4

information can be properly stored by the other agency in a GSA-approved container or SCIF upon receipt." Third Seidel Decl. ¶ 8 (Sept. 11, 2020). Thus, sending the consultation/coordination requests prior to this processing risks disclosure of classified information. *Id.* ¶ 8 n.1. In addition, the FBI needs to identify any law enforcement sensitive or personal privacy information in the FD-302s before sending them to other governmental agencies to ensure those agencies properly handle that information. *Id.* ¶ 8. Moreover, technological issues concerning the processing of records prevent the FBI from sending the records to other governmental agencies before the FBI has completed its processing. Second Seidel Decl. ¶ 13. Therefore, only after the FD-302s have been fully processed by the FBI does the FBI send the consultation/coordination requests to the other governmental agencies. *Id.* This means that after the production to Plaintiffs is complete each month, the FBI works to finalize all of the consultation/coordination packages and sends them to other governmental agencies to review. Third Seidel Decl. ¶ 7.

Because the FBI has not yet completed its review of the 800 pages of the typewritten narratives of the FD-302s that are the subject of the October 1 production to Plaintiffs, the FBI has not identified all the FD-302s at issue in this case that will need to be sent to other governmental agencies for consultation. *Id.* ¶ 16. However, to the extent that the FBI identifies FD-302s that need to be sent to other governmental agencies for consultation, the FBI would be able to send those FD-302s to the other governmental agencies to review only after it finishes its processing for classified and other exempt information. *Id.* ¶¶ 8–15. That processing will not be complete until the production to Plaintiffs is complete on Thursday, October 1. *See id.* ¶ 16. Therefore, the FBI anticipates that any consultation/coordination requests the FBI identifies in the month of September would not be sent to other governmental agencies until the week of October 5. *Id.*

The Court has ordered "the government agencies to which the Department has sent typewritten narratives of the FD-302s for consultation [to] complete their review of such documents" by October 9, 2020.  Amended Order at 2.  But if other governmental agencies do not receive consultation/coordination packages until the week of October 5, they will have mere days to complete their review of the FD-302s for potentially classified information, information subject to withholding statutes, and for any other information exempt from disclosure under the FOIA.[1] Moreover, the October 9 deadline leaves very little time for the other governmental agencies and the FBI to engage in any back-and-forth necessary to ensure the other governmental agencies have sufficient information to respond to the consultation/coordination requests.  Third Seidel Decl. ¶ 16; *see also* Second Seidel Decl. ¶ 22.  And if any other governmental agencies review the FD-302s and recommend to FBI that a third governmental agency should review that record, the FBI would be unable to prepare the consultation/coordination request for that third governmental agency and receive a final response from that third governmental agency by the October 9 deadline. Third Seidel Decl. ¶ 16; *see also* Second Seidel Decl. ¶ 22.  Finally, staffing issues due to COVID-19 at other governmental agencies may mean that the appropriate individuals to review the consultation/coordination requests may not be in the office to review the FD-302s the week of October 5.  Third Seidel Decl. ¶ 13; *see also* Second Seidel Decl. ¶ 26.

In sum, the Amended Order gives the other governmental agencies that receive consultation/coordination requests in October little to no time to review the FD-302s in advance of the current court-ordered deadline.  The Court should clarify its Amended Order to state that any consultation/coordination requests that the FBI identifies during its processing of the typewritten narratives of the FD-302s for the October 1 production do not have to be returned by

---

[1] When the FBI sends the consultation/coordination requests, it has requested that the other governmental agencies respond within two weeks of receipt.  Second Seidel Decl. ¶ 21.

October 9.  In the alternative, the Court should reconsider its Amended Order to permit the consultation/coordination requests identified by the FBI in September to be returned with sufficient time for the non-exempt portions of those FD-302s to be released to Plaintiffs by November 20, 2020.  This amended deadline would permit the other governmental agencies with sufficient time to review the FD-302s subject to the consultation/coordination requests and the FBI with sufficient time to prepare the FD-302s for production to Plaintiffs.  *See Cobell*, 355 F. Supp. 2d at 540 (allowing reconsideration if there are other good reasons for doing so).  Clarification and/or reconsideration of the expedited schedule for these consultation/coordination requests is especially warranted given that none of the FD-302s that the FBI is processing this month are cited in the Mueller Report.

## II.   The Court Should Not Direct Disclosure of the Identities of the Agencies with which the FBI is Consulting at the October 7 Status Conference.

Defendant also respectfully seeks clarification and/or reconsideration of the part of the Court's Amended Order that converted the *ex parte* hearing set for October 7 into a status conference with all the parties present.  Conversion of the *ex parte* hearing into a status conference and requiring representatives from consulting agencies to be present would reveal the identity of the agencies with which it is consulting.  Plaintiffs are not entitled to such relief.[2]

Pursuant to the governing regulation, the Department (including the FBI) may withhold the "identity of the [consulting] component or agency" if such disclosure "could harm an interest protected by an applicable exemption, such as the exemptions that protect personal privacy or national security interests."  28 C.F.R. § 16.4(d)(3).  The FBI has determined that disclosure of the

---

[2] Nor are Plaintiffs seeking such relief.  Plaintiffs previously requested that the Court order disclosure of a list "denoting which entities outside of the Department, including the White House, are still in the process of reviewing the 302s."  Pls.' Mot. 5, Dkt. 54.  At the September 4 status conference, Plaintiffs stated that they were no longer seeking such disclosure, and the Court denied Plaintiffs' motion as moot without prejudice.  Amended Order, Dkt. 90.

consulting agencies in this case could harm national security and law enforcement interests that are protected by various FOIA exemptions.  Second Seidel Decl. ¶ 28.  Therefore, the FBI has followed this regulation and has not disclosed the other governmental agencies with which it is consulting until it receives a final response from the agency and that agency authorizes disclosure of its identity.  *Id.*  In other words, once the FBI receives a final response from the agency, if the agency requests non-attribution—that is, that the identity of the agency not be disclosed—the FBI produces the FD-302s to Plaintiffs with the requested information redacted but without identifying the agency that requested the redaction.  The FBI discloses the identity of the consulting agency if and only if it receives a final response from the agency and that agency does not request non-attribution.

Disclosure of the identities of the consulting agencies that the October 7 status conference "could, itself, reveal classified or otherwise exempt information, or cause harms protected against by FOIA exemptions."  Second Seidel Decl. ¶ 7 (citing 28 C.F.R. § 16.4(d)(3)).  "The FBI has previously reported generally that consultation requests have been sent to other Intelligence Community agencies but it has not specifically identified which agencies have received consultation requests, because in some instances, such agency's involvement in a particular matter is itself classified or sensitive."  Third Seidel Decl. ¶ 18; *see also* Second Seidel Decl. ¶ 11 (stating that withholding the identities of consulting agencies "is critical to the resolution of Intelligence Community (IC) equities in particular because an IC agency's connection to a specific individual, activity, program, or FBI investigation can often be classified or prohibited from disclosure under a withholding statute").  Thus, the presence of a member of the Intelligence Community at a status conference with Plaintiffs could reveal that that agency is connected in some way with a witness who was interviewed by the Special Counsel's Office or with some aspect of the Special Counsel's

investigation.  Any such connection could be classified or prohibited from disclosure under particular withholding statutes, and thus exempt under FOIA.  Moreover, "[i]f an agency locates within its files material originating with an Intelligence Community agency, and the mere involvement of that agency in the matter, is a classified fact that has not been publicly acknowledged, then to disclose or give attribution to the involvement of that Intelligence Community agency could cause national security harms."  Third Seidel Decl. ¶ 17 (citing Exec. Order No. 13,526, § 3.6(b), 3 C.F.R. § 298 (2009)).

Similarly, withholding the identities of law enforcement partners is crucial to avoid "the risk of exposing [a] law enforcement interest in a person or activity that may not otherwise be known in a way that adversely affects a pending . . . investigation."  Second Seidel Decl. ¶ 11. "For example, if the FBI were to consult with the Securities and Exchange Commission (SEC) about a particular matter, and were to disclose that it was doing so"—which would inevitably occur at a status conference with Plaintiffs present—"the FBI runs the risk of exposing SEC law enforcement interest in a person or activity that may not otherwise be known in a way that adversely affects a pending SEC investigation."  *Id.*  The disclosure of the fact of a pending investigation that is not publicly known could be exempt under the FOIA.

In addition, the forced disclosure of consulting agencies at the status conference could hamper FBI's ability to conduct counterintelligence, national security, and law enforcement investigations.  Third Seidel Decl. ¶ 19.  The FBI relies on its relationships with members of the Intelligence Community and other law enforcement agencies to successfully conduct these types of investigations.  *Id.*  "In order to maintain such cooperative relationships, and the ability to receive from such agencies critical investigative and intelligence information, the FBI must continue to honor requests for confidentiality by these agencies."  *Id.*  "If the FBI were to ignore

requests for confidentiality from and/or neglect its own assurances of confidentiality provided to these agencies, these agencies would be less likely to freely share sensitive information with the FBI in the future," which could "harm the FBI's ability to seek support and/or assistance from these agencies during joint investigations." *Id.* In other words, if those agencies can no longer rely on the FBI to maintain the secrecy of their participation in investigations, those agencies may be reluctant or even unwilling to provide information to the FBI for its investigations, thus harming the FBI's ability to conduct counterintelligence, national security, and law enforcement investigations. *Id.*

Accordingly, because requiring Intelligence Community members and federal law enforcement partners that are engaged in the coordination process with the FBI concerning the FD-302s would reveal the identities of those agencies and thus risk disclosure of classified and/or law enforcement sensitive information, as well as harm the FBI's ability to conduct counterintelligence, national security, and law enforcement investigations, the Court should clarify that its Amended Order does not require the agencies to be present at a status conference with Plaintiffs. In the alternative, the Court should reconsider its Amended Order to permit these agencies to appear at an *ex parte* hearing rather than a status conference with Plaintiffs present.

## CONCLUSION

For the foregoing reasons, the Court should: (1) clarify that any consultation/coordination requests that the FBI identifies during its processing of the typewritten narratives of the FD-302s for the October 1 production do not have to be returned by October 9, or, in the alternative, reconsider its Amended Order directing as such; and (2) clarify that its Amended Order does not direct the disclosure of the identities of any agencies with pending consultation/coordination requests to Plaintiffs at the October 7, 2020 status conference, or, in the alternative, reconsider the

conversion of the *ex parte* hearing into a status conference with all of the parties.  Defendant also

seeks an expedited ruling on this motion given the upcoming production and hearing deadlines.


Dated: September 11, 2020                    Respectfully submitted,

                                            JEFFREY BOSSERT CLARK
                                            Acting Assistant Attorney General
                                            Civil Division

                                            ELIZABETH J. SHAPIRO
                                            Deputy Director
                                            Federal Programs Branch

                                            */s/ Courtney D. Enlow*
                                            COURTNEY D. ENLOW (N.C. Bar No. 46578)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, N.W.
                                            Room 12102
                                            Washington, D.C. 20005
                                            Tel: (202) 616-8467
                                            Email: courtney.d.enlow@usdoj.gov

                                            *Counsel for Defendant*

11