IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD and BUZZFEED, INC.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.<br><br>　　　　Defendants.<br><hr>CABLE NEWS NETWORK, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　Defendant. | Case No: 1:19-cv-01278-RBW |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF THE COURT'S AMENDED ORDER AND REQUEST FOR EXPEDITED RULING**

Plaintiffs Cable News Network, Inc. ("CNN") and Jason Leopold and BuzzFeed, Inc. ("BuzzFeed"), through counsel, hereby provide their opposition to Defendant's Motion for Clarification and Partial Reconsideration of the Court's Amended Order and Request for Expedited Ruling (the "Mot.") (Dkt. 91).

**INTRODUCTION**

From the beginning of this action, the November 3, 2020 Presidential election has served as the North Star for the parties and the Court for the FBI's completion of the processing and

production all of the typewritten FD-302 narrative reports prepared in the course of the Office of Special Counsel investigation.  The Court has focused on that date for good reason:  FOIA entitles 2020 voters to maximum information about Russian interference in the 2016 election and any possible involvement by then-candidate Donald Trump's campaign.  In recognition of the importance of this information, the Court has therefore properly treated Plaintiffs' FOIA requests as expedited requests.  Plaintiffs appreciate that in the past year, the Court has diligently worked to impose and adhere to a schedule that keeps the ultimate goal of FOIA, and the 2020 election, as the focal point.

Throughout these proceedings, however, DOJ has taken positions—unsuccessfully, thanks to the close judicial management of the schedule—that would have delayed completion of production until after the election.  The Court should again reject this latest request for delay that would expressly result in materials being produced only after the election.

The Court's September 8, 2020 Amended Order requires no clarification.  The Court should continue to require that agencies reviewing 302s complete that process by October 9.  If they cannot complete their review by then, they should appear before this Court, as currently directed, to explain why they cannot meet that deadline.  Consistent with the presumption of openness to Court proceedings, any agency should appear in an open and on-the-record public proceeding unless they can overcome the First Amendment and common-law presumption favoring a public hearing.

**I.    The Court Should Not Modify its Amended Order to Delay Production of Responsive 302s to Plaintiffs**

   **a.  The Court's Amended Order Provides All the Flexibility That is Needed to Avoid Unduly Burdening Outside Agencies**

DOJ seeks a wholesale revision of this Court's order based on its amorphous concern that some unidentified agencies may not be able to comply with the deadline.  Yet under the Court's

2

September 8 Amended Order (Dkt. 90), if "any agency cannot comply with the Court's deadline," it must appear before the Court on October 7 for a status conference. *Id*. As the Court clearly contemplated when adopting its Order, the October 7 hearing serves two important purposes: affording the Court (1) the opportunity to identify and address any specific factors that might be contributing to the delays in production of material sent for consultation; and (2) the ability to modify its October 9 deadline for individual agencies if it determines they have a legitimate need for extra time to complete their review. In other words, there is no need to modify the September 8 Amended Order because the Order already provides a mechanism by which agencies can receive relief from the October 9 deadline if they are unable to meet it.

### b. The Court Must Hold the DOJ and FBI to a "Reasonable Agency" Standard

Although DOJ makes much of the October 9 deadline, the key deadline from Plaintiffs' perspective is October 30: the date by which DOJ must produce to Plaintiffs all remaining 302s. Dkt. 90. The October 9 "deadline" is merely the date the Court has fixed <u>for the benefit of</u> the FBI and DOJ, based on their representation that they need time to finalize the 302s for production after receiving the typewritten reports back from other agencies. In fixing that interim deadline for conclusion of consultations, the Court already took into account the concerns DOJ once again raised, and it already determined that any change to that deadline can be addressed, if necessary, at the October 7 hearing.

In essence, DOJ seeks from this Court "unfettered discretion to determine how long is practicable for processing expedited requests," which "would require the court to abdicate its 'duty' to prevent 'unreasonable delays in disclosing non-exempt documents." *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)). But as the D.C. Circuit made clear, "[t]he FOIA imposes no limits on a court's equitable powers in enforcing its terms." *Payne Enters.*, 837 F.2d

3

at 494.  The operative question is whether DOJ and FBI are acting as a "reasonable agency" would.  *See Open Soc'y Justice Initiative v. CIA*, 2019 U.S. Dist. LEXIS 131243, at *169 (S.D.N.Y. Aug. 6, 2019).  And while a delay of a few weeks might not matter much in a "typical" case, this is neither a typical case nor typical circumstances.  Any delay beyond Election Day will defeat the entire purpose of the Court's approach to this case since its inception many months ago.

DOJ and FBI have been on notice of the Court's October 30 deadline since September 4.  Yet, despite this Court's clear instruction to move the consultation process along quickly, the FBI disclosed in its latest submission that it did not send the FD-302s processed for the September 1 production deadline to the consulting agencies until September 11 – <u>ten days after</u> the agency produced the rest of that tranche of documents to Plaintiffs, and a full week after this Court ordered DOJ and FBI to complete production of all 302s by October 30.  Third Seidel Decl. ¶¶ 7, 15 (Dkt. 91-1).  The FBI also has now disclosed that it will not send any FD-302s from the batch processed this month to other agencies until "the week of October 5," which could be as late as October 9 – two days after the October 7 hearing.  *Id*. ¶ 16.  This hardly evidences the urgency that the Court placed on the processing and release of these records before the Presidential election.  Regardless, the Court should adhere to the October 30 deadline established to ensure completion of this process before the November 3 election, even if that requires the FBI to speed up its review and referral process.

**II.    The October 7 Status Hearing Must Be Open and Consulting Agencies' Identities Cannot Be Kept Secret Absent a Showing That Complies With the First Amendment and Common Law**

The Court's Amended Order properly directed that the October 7 hearing, should it be necessary, will be a status conference at which Plaintiffs will appear and have the opportunity to

be heard. *See* Dkt. 90 at 2. DOJ baldly states that "Plaintiffs are not entitled" to attend the hearing or to learn the identity of any agency with which the FBI is consulting about the 302 narratives. Mot. at 7. Not so. The hearing and the identities of recalcitrant consulting agencies are presumptively public, and DOJ has not made the required showing to keep them secret.

This case should not be litigated behind closed doors. Both the First Amendment and the common law require that the public be allowed access to court records and proceedings except in limited circumstances. Under the First Amendment, access to a court proceeding may be denied only upon a showing that sealing is essential to preserve higher values and narrowly tailored to serve those values. *In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 11-12 (D.D.C. 2009).[1]

The D.C. Circuit has repeatedly recognized the "strong presumption in favor of public access to judicial proceedings," that affords a common-law right of access to hearings and records in civil cases such as this one. *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). As Judge Boasberg recently explained, this common-law access right

> is grounded in the public's "interest in keeping a watchful eye on the workings of public agencies." . . . "[E]nsuring the integrity of judicial proceedings" serves as another pillar of this mission. . . . Given these underpinnings, the public's entitlement to judicial records "is fundamental to a democratic state."

*CNN, Inc. v. FBI*, 384 F. Supp. 3d 20, 39 (D.D.C. 2019) (citations omitted). While the common-law right of access is not absolute, it cannot be overridden by the talismanic invocation of national security or law enforcement interests. *See id.* at 40-41 (neither National Security Act nor FOIA Exemption 7(E) supersedes common-law access right).

---

[1] Unlike other circuits, the D.C. Circuit has not explicitly recognized the First Amendment access right in civil cases. *Id.* at 9-10.

To determine whether a record or proceeding may be sealed under the common-law access right, the Court must weigh whether the litigants' "interest in secrecy outweighs the public's interest in disclosure." *Id.* at 42 (citation omitted). Regardless of the source of the right, sealing a document or proceeding requires that the Court make "specific, on the record findings" demonstrating that closure is necessary. *In re McCormick & Co., Pepper Prods. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 468 (D.D.C. 2018) (citation omitted).

DOJ justifies its extraordinary claim of entitlement to secrecy on the basis of a regulation that DOJ asserts allows the FBI to withhold the identities of consulting agencies if releasing the name would harm an interest protected by a FOIA exemption. Mot. at 7 (citing 28 C.F.R. § 16.4(d)(3)). But a DOJ regulation is by no means binding on this Court and is insufficient to override the right of access to court proceedings. *See CNN*, 384 F. Supp. 3d at 40-41. If DOJ believes that one or more consulting agencies should remain nameless, it must make, and Plaintiffs must have the opportunity to refute, the showing required of any litigant seeking to seal a judicial record or proceeding. DOJ has not made that showing here.

First, DOJ ignores the simplest way to avoid identifying consulting agencies: ensuring that those agencies' reviews can be completed before October 9 so that the October 7 hearing is unnecessary.

Second, DOJ claims that secrecy is necessary because an intelligence or law enforcement agency's interest in information regarding a certain person or topic might reveal classified information or jeopardize a criminal investigation. Mot. at 8-9. But revealing the identities of consulting agencies would not do that. Merely knowing that a particular agency has an interest in *some* information in one or more of the hundreds of pages at issue here would not reveal that agency's interest in any specific person or topic.

Finally, DOJ disingenuously claims that this Court should suppress the identities of consulting agencies because Plaintiffs "are not seeking" them, noting that Plaintiffs have not pursued their January request for a list of consulting agencies' names. *Id.* at 7 n.2. Whether DOJ should be required to provide Plaintiffs with a list of all consulting agencies is a separate question from that at issue here: whether this Court should seal proceedings and records that are presumptively public. Plaintiffs and the public should not be stripped of their rights to this Court and information unless DOJ makes the specific showings necessary to justify sealing. Because DOJ has not done so, its motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny all portions of Defendant's motion other than the request for an expedited ruling.

Dated: September 18, 2020

Respectfully submitted,

/s/ Charles D. Tobin
Charles D. Tobin (D.C. Bar No. 455593)
tobinc@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 661-2200
F: (202) 661-2299
*Counsel for Cable News Network, Inc.*

/s/ Matthew V. Topic
Matthew Topic
(E-Mail: foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900

Fax: (312) 243-5902
DC Bar No. IL0037
*Counsel for Leopold and BuzzFeed, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.


Dated:  September 18, 2020              /s/ *Charles D. Tobin*
                                        Charles D. Tobin