IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD and<br>BUZZFEED, INC.,<br><br>        **Plaintiffs,**<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, <u>et al.</u><br><br>        **Defendants.**<br><br>CABLE NEWS NETWORK, INC.,<br><br>        **Plaintiff,**<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>        **Defendant.** | **Case No: 1:19-cv-01278-RBW** |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE
TO THE COURT'S ORDER**

Plaintiffs Cable News Network, Inc. and Jason Leopold and BuzzFeed, Inc. (together "Plaintiffs") hereby submit this reply to the Defendant's Response to the Court's Order, Dkt. 95.

**INTRODUCTION**

On October 5, 2020, the Department of Justice ("DOJ") informed the Court that a hearing on October 7, 2020 is needed because "not all of the government agencies to which the Federal Bureau of Investigation" ("FBI") had provided responsive FD-302 typewritten narratives "will be able to complete their review of such documents by October 9, 2020." Dkt. 95 at 2. Pursuant to this Court's October 5, 2020 Amended Order, that hearing will be held on an *ex parte* basis.

Dkt. 97 at 2.  In the Court's separate Order issued on the same day, it additionally ordered that at the October 7 hearing, DOJ "shall be prepared to describe to the Court" the 302s that it processed for the October 1, 2020 production, "for which it has issued consultation or coordination requests."  Dkt. 96 at 2.  The Court also advised the parties, at the October 2, 2020 telephonic hearing, that an expedited transcript, redacted if the Court deems necessary based on the October 7 hearing, would be made available after the hearing.

Plaintiffs respectfully request that the Court consider the additional information provided in this submission in connection with the October 7 *ex parte* hearing.

## ARGUMENT

### A.  DOJ Already Publicly Identified Five of the Consulting Agencies

DOJ represented to the Court, as grounds for holding the October 7 hearing on an *ex parte* basis, that disclosure of the identities of the government agencies at the hearing could reveal "classified and/or law enforcement sensitive information that would otherwise be exempt under the Freedom of Information Act."  Dkt. 91 at 3.

As the Court considers whether the identities of the consulting agencies should be redacted from the transcript of the hearing, Plaintiffs note that DOJ has already publicly identified five of the agencies the FBI consulted:  the Office of the Director of National Intelligence, Department of Defense, Customs and Border Protection, Federal Deposit Insurance Corporation Office of the Inspector General, and the United States Marshals Service.  Attached as Exhibit A are extracted pages from DOJ's productions to Plaintiffs, annotated to highlight where these agencies are identified.  Each of these agencies are involved in intelligence, law enforcement, or both.

**B. Voters Have an Interest in Receiving As Much Information as Possible Prior to the November 3 Presidential Election**

At the October 2 hearing, DOJ suggested to the Court that there was minimal public interest in the information contained in the FD-302 typewritten narratives that remain to be processed and produced.  Obviously, under the First Amendment to the U.S. Constitution, it is for journalists and the public, and not the government, to decide for themselves what is newsworthy.  *See Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 258 (1974).  Indeed, the information produced in DOJ's most recent production on October 1 makes clear that each tranche of new disclosures contains information that may assist voters in deciding how to cast their ballots on November 3.  For example:

- An interview with Steve Bannon, which DOJ produced on October 1 after withholding it from the February 3, 2020 production pending consultation, reflects that before the last presidential debate in 2016, the Trump campaign needed money and "Steve Mnuchin came up with a cash flow plan" that he called a "cash advance" for President Trump to contribute $10 million to buy television time, noting that "Mnuchin would structure it like a loan," and that "Bannon didn't think Trump even read the documents."  Ex. B, Bates No. 1950.[1]

- An interview with an unnamed FBI Supervisory Special Agent, produced with the October 1 production, discusses a "red laptop" requested by then-FBI Director James Comey for use in January 2017 "in order to take notes immediately following his personal meeting with Trump" in New York.  Ex. C, Bates No. 6168.  It was not until six months later, in June 2017, when Director Comey was set to testify before Congress, that someone realized there was a laptop that Comey had used to record notes, and "[r]ecognizing the importance . . . remove[d] the laptop from service" and placed the hard drive in a safe.  *Id*. at 6169.

---

[1] Of further note, despite the lengthy delay in production of this 302 to Plaintiffs, the Bannon 302 does not appear to contain a single redaction from an outside agency.  *See also* Jason Leopold *et al.*, *Declassified Records Show What Witnesses In The Mueller Probe Told The FBI About Trump And Russia*, BuzzFeed News (Oct. 1, 2020) https://www.buzzfeednews.com/article/kenbensinger/mueller-memos-the-latest-trove-of-documents-reveals-new.

Thus, the most recent disclosure reflects that, contrary to DOJ's assessment, the final

tranches of the FD-302s production contain information that is of significant interest to the

voting public.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court require DOJ

to complete production of all remaining 302s, including those from the October 1 production, by

October 30, and that it release an expedited public transcript of the October 7 hearing that

discloses as much information as possible, including the number and identities of the agencies

who represent that they are unable to meet the Court's deadline.

Dated:  October 6, 2020                              Respectfully submitted,

                                                     /s/ Charles D. Tobin
                                                     Charles D. Tobin (D.C. Bar No. 455593)
                                                     tobinc@balladspahr.com
                                                     Matthew E. Kelley (D.C. Bar No. 1018126)
                                                     kelleym@ballardspahr.com
                                                     BALLARD SPAHR LLP
                                                     1909 K Street, NW
                                                     Washington, D.C. 20006-1157
                                                     T: (202) 661-2200
                                                     F: (202) 661-2299
                                                     *Counsel for Cable News Network, Inc.*


                                                     /s/ Matthew V. Topic
                                                     Matthew Topic
                                                     (E-Mail:  foia@loevy.com)
                                                     LOEVY & LOEVY
                                                     311 N. Aberdeen, Third Floor
                                                     Chicago, Illinois 60607
                                                     Tel.: (312) 243-5900
                                                     Fax: (312) 243-5902
                                                     DC Bar No. IL0037
                                                     *Counsel for Leopold and BuzzFeed, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused the foregoing to be filed and served

electronically via the Court's ECF System upon counsel of record.


Dated:  October 6, 2020                              /s/ *Charles D. Tobin*
                                                     Charles D. Tobin