**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

JASON LEOPOLD, BUZZFEED, INC.,    )
                                     )
           Plaintiffs,         )
                                     )
      v.                    )     Civil Action No. 19-cv-1278 (RBW)
                                     )
UNITED STATES DEPARTMENT OF     )
JUSTICE, et al.                  )
                                     )
          Defendants.     )
_____ )
                                     )
CABLE NEWS NETWORK,        )
                                     )
           Plaintiff,          )
                                     )
      v.                    )     Civil Action No. 19-cv-1626 (RBW)
                                     )
FEDERAL BUREAU OF           )
INVESTIGATION,            )
                                     )
          Defendant.      )
_____ )

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR A
COURT ORDER TO REPROCESS THE FD-302s**

**INTRODUCTION**

There is no basis to require the Federal Bureau of Investigation ("FBI") to reprocess over 4,000 pages of FD-302s from the Special Counsel's investigation into Russian interference in the 2016 Presidential election by October 28. The President's recent statements on Twitter referencing the "declassification" of information were not an order to the Department of Justice (the "Department" or "DOJ") to declassify the materials in this case. Decl. of G. Bradley Weinsheimer ¶¶ 4–5 (Oct. 13, 2020). The Twitter statements do not constitute a self-executing declassification order. *Id.* ¶ 5. Indeed, they provide no more authority to the Department to declassify material

that the Presidential Memorandum giving the Attorney General authority to declassify information that the President signed on May 23, 2019.[1]  *See id.*  As with that memorandum, the President's Twitter statements do not require the declassification of any particular documents and have not resulted in the declassification of any FD-302s at issue in this case.  *Id.*

The Twitter statements also provide no basis for the Court to order the FBI to release material that has been withheld under any Freedom of Information Act ("FOIA") exemptions.  The Twitter statements do not even reference such material, and they "do not require altering any redactions on any record at issue in this case, including, but not limited to, any redactions taken pursuant to any discretionary FOIA exemptions."  *Id.*

Accordingly, there is no basis for the Court to order the release of classified or otherwise exempt material in this case.  Plaintiffs' motion should be denied.

## BACKGROUND

For the past year, the FBI has undertaken extraordinary efforts in extremely challenging circumstances to diligently process the typewritten narratives of the FD-302s from the Special Counsel's investigation, and, as of October 1, has completed its processing of all the FD-302s.[2]  Prior to production to Plaintiffs and in coordination with other governmental agencies, the FBI redacted the FD-302s under various applicable exemptions, including Exemption 1 to prevent disclosure of classified information; Exemption 3 to protect material that must be withheld pursuant to a statute; and Exemption 5, to prevent the disclosure of privileged information.  On

[1] *See* Memorandum on Agency Cooperation with Attorney General's Review of Intelligence Activities Relating to the 2016 Presidential Campaigns (May 23, 2019), *available at* https://www.whitehouse.gov/presidential-actions/memorandum-agency-cooperation-attorney-generals-review-intelligence-activities-relating-2016-presidential-campaigns/ (last accessed Oct. 12, 2020).

[2] As the Court is aware, the FBI has sent certain FD-302s to other governmental agencies for consultation/coordination, which will be produced to Plaintiffs at a later date.

September 3, 2020, the Court upheld the Department's withholding of information subject to the

attorney work-product doctrine and the presidential communications privilege under Exemption

5.[3]  *See* Mem. Op., Dkt. 86; Order, Dkt. 87.

On October 6, 2020, the President issued two statements on Twitter in which he stated the

following:

> I have fully authorized the total Declassification of any & all documents pertaining
> to the single greatest political CRIME in American History, the Russia Hoax.
> Likewise, the Hillary Clinton Email Scandal.  No redactions!
>
> All Russia Hoax Scandal information was Declassified by me long ago.
> Unfortunately for our Country, people have acted very slowly, especially since it is
> perhaps the biggest political crime in the history of our Country.  Act!!!

Pls.' Mot., Exh. A, Dkt. 102-1.  Two days later, Plaintiffs filed their "emergency" motion, arguing

that these statements entitled them to the release of the majority of the information in the FD-302s

by October 28, 2020.  *See* Pls.' Mot., Dkt. 102.

The Court then ordered the Department to file a response addressing "the plaintiffs' claim

that the tweets by President Donald Trump referred to in the plaintiffs' motion resulted in the

waiver of exemptions under the Freedom of Information Act for the FD-302 reports prepared by

the Federal Bureau of Investigation of witness interviews from Special Counsel Robert Mueller's

investigation into Russian interference in the 2016 United States presidential election."  Order,

Dkt. 103.  The Court further ordered the Department to "confer with the White House in order to

advise the Court as to the White House's official position regarding the declassification and release

to the public of information related to the Russia investigation."  *Id.*

---

[3] Because the Court upheld the Department's withholding of information subject to those privileges, the Court did not consider whether certain information could also be withheld under the deliberative process privilege pursuant to Exemption 5.  *See* Mem. Op. 5 n.3, Dkt. 86.

In compliance with the Court's Order, the Department conferred with the White House Counsel's Office and obtained the White House's official position on those matters, which is set forth in the attached declaration from G. Bradley Weinsheimer, an Associate Deputy Attorney General for the Department of Justice.  *See* Weinsheimer Decl. ¶¶ 4–5.

## ARGUMENT

### I.     The President's Statements on Twitter Did Not Declassify Any Information

The President has the authority to declassify documents that are otherwise currently and properly classified.  *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988) ("The President, after all, is the 'Commander in Chief of the Army and Navy of the United States.' U.S. Const., Art. II, § 2. His authority to classify and control access to information bearing on national security . . . flows primarily from this constitutional investment of power in the President and exists quite apart from any explicit congressional grant."); *cf.* E.O. 13,526 § 3.1(d), 75 Fed. Reg. 707, 713 (Dec. 29, 2009) (authorizing agency officials to declassify otherwise properly classified information in the public interest on a discretionary basis).  The President has not exercised this authority with respect to any of the FD-302s remaining at issue in this case.  *See* Weinsheimer Decl. ¶¶ 4–5.

Plaintiffs claim that the President exercised his authority to declassify all of the information withheld from the FD-302s under Exemption 1 based on two statements the President made on Twitter.  *See* Pls.' Mot. 2.  But the Twitter statements "were not self-executing declassification orders and do not require the declassification of any particular documents."  Weinsheimer Decl. ¶ 5.  Plaintiffs have pointed to no order declassifying the documents at issue in this case.  *See generally* Pls.' Mot.  And DOJ is not aware of any order that either declassified the remaining documents at issue or directed declassification of them.  Weinsheimer Decl. ¶ 4.

The Court cannot infer that any such sweeping order exists based on the President's Twitter statements because they merely suggest that the President "authorized" the "declassification" of unspecified information. *See* Pls.' Mot. Exh. A. The Twitter statements do not refer to any specific document and do not indicate that the President was exercising his Constitutional authority to declassify specific information. *See id.* They were not an order to declassify particular material. Weinsheimer Decl. ¶¶ 4–5. In contrast to the ambiguous Twitter statements at issue in Plaintiffs' motion, the President has previously clearly declassified and disclosed information when he wished to do so. *See, e.g.*, Letter from White House Counsel Donald McGahn to Representative Devin Nunes (Feb. 2, 2018) (explaining that the President declassified a memorandum and attaching that memorandum to the letter).[4]

The Department of Justice did not receive any similar directive to declassify the FD-302s at issue in this case. Weinsheimer Decl. ¶¶ 4–5. After the President made those statements on Twitter, DOJ officials conferred with the White House Counsel's Office and were informed that there was no order requiring declassification or disclosure of any document at issue in this case. *Id.* "The Department was further informed that the President's statements on Twitter were not self-executing declassification orders and do not require the declassification of any particular documents." *Id.* ¶ 5. Although in May 2019, the President did delegate declassification authority to the Attorney General, to date, the Attorney General has not exercised that declassification authority to release any of the redacted material in this case based on the President's Twitter statements. *Id.* In sum, the Twitter statements are not an order to declassify any FD-302s, the Department has never received such an order, and the Department subsequently confirmed with

---

[4] The letter is available at https://docs.house.gov/meetings/IG/IG00/20180129/106822/HMTG-115-IG00-20180129-SD001.pdf (last accessed Oct. 10, 2020).

the White House Counsel's Office that there was and is no order to declassify materials at issue in this case based on the Twitter statements. *Id.* ¶¶ 4–5.

Accordingly, because the Department has confirmed that the President's statements on Twitter did not constitute or reflect a presidential order to declassify any information, the Court should not order disclosure of any information withheld under Exemption 1 in this case. *See James Madison Project v. Dep't of Justice*, Case No. 17-cv-00597 (APM), 2020 WL 1033301, at *2 (D.D.C. Mar. 3, 2020) (concluding that, upon review of a DOJ declaration that a White House press release "did not constitute or reflect a presidential order to declassify" any materials, the Department properly withheld classified information pursuant to Exemption 1); *Poulsen v. Dep't of Def.*, 373 F. Supp. 3d 1249, 1279 (N.D. Cal. 2019) ("The President's September 2018 'declassification' directive was not an 'order' from the President covering this material, just a statement from the White House asking the executive agencies to undertake a review and further justify the redactions.").

## II.     The President's Statements on Twitter Did Not Waive Any Other FOIA Exemptions

In addition to withholding classified information under Exemption 1, the FBI withheld information from the FD-302s pursuant to multiple other exemptions, including, for example, Exemptions 3, 5, 6, and 7.  Plaintiffs argue that, because the President stated on Twitter that documents related to Russian interference in the 2016 presidential election have been "declassified," "any FOIA exemptions have been waived with the exception of disclosures prohibited by the Privacy Act, Rule 6(e) [of the Federal Rules of Criminal Procedure], or other statutes that prohibit release." Pls.' Mot. 2, Dkt. 102.  But the Twitter statements provide no basis for the Court to make such an extraordinary finding.

The Twitter statements, which reference purported "declassification" of unspecified information, are entirely silent about information withheld on other grounds.  *See* Pls.' Exh. A, Dkt. 102-1.  And the White House has made clear that the Twitter statements "do not require altering any redactions on any record at issue in this case, including, but not limited to, any redactions taken pursuant to any discretionary FOIA exemptions."  Weinsheimer Decl. ¶ 5.  "Nor do the President's statements on Twitter prevent the Department from taking appropriate exemptions and redacting documents consistent with law and the positions the Department takes in FOIA matters."  *Id.*  Therefore, the Twitter statements do not, as Plaintiffs argue, operate as a waiver of any of these exemptions.

Nor should the Court infer waiver.  To take just one example, the D.C. Circuit has held that, because executive privileges such as the presidential communications and deliberative process privileges exist "to aid the governmental decisionmaking process, a waiver should not be lightly inferred."  *In re Sealed Case (Espy)*, 121 F.3d 729, 741 (D.C. Cir. 1997).  Because the Twitter statements do not mention privileged information, they cannot possibly constitute an express waiver of executive privileges.  *See id.*; *see also Nixon v. Sirica*, 487 F.2d 700, 717 (D.C. 1973) (finding that an explicit statement by President Nixon that "[e]xecutive privilege will not be invoked" was insufficient to find waiver).  Indeed, this Court recently determined that the President's statement on Twitter that "he 'had the RIGHT to use [e]xecutive [p]rivilege,' but that he 'did[] n[o]t!'" was insufficient to constitute a waiver of the presidential communications privilege.  Mem. Op. 17, Dkt. 86.  If that statement was insufficient to constitute a waiver of Exemption 5, a statement that is entirely silent about any privileged information should not have a different result, especially given the subsequent clarification that the Twitter statements do not operate as a waiver of any redaction.  *See* Weinsheimer Decl. ¶ 5.

The FBI redacted information from the FD-302s for other reasons as well, including, for example, to prevent the disclosure of intelligence and law enforcement information and to protect personal privacy.  These redactions reflect "legitimate governmental and private interests [that] could be harmed by release" of the underlying information.  *FBI v. Abramson*, 456 U.S. 615, 621 (1982).  DOJ's declaration makes clear that the Twitter statements did not alter any of these redactions.  Weinsheimer Decl. ¶ 5.  Accordingly, the Court should not order the mass disclosure of information that could harm legitimate governmental and private interests based on Twitter statements that are entirely silent about this material.[5]

## CONCLUSION

The Department's declaration makes plain that the President's Twitter statements did not declassify or direct the release of any information in this case.  Accordingly, the Court should deny Plaintiffs' motion.

Dated: October 13, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW (N.C. Bar No. 46578)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

---

[5]  Plaintiffs concede that the President's statements on Twitter have no effect on the Department's withholding of federal grand jury information or intelligence sources and methods under the National Security Act pursuant to Exemption 3 and certain information redacted to protect personal privacy.  *See* Pls.' Mot. 2 (stating that Plaintiffs are not seeking information withheld pursuant to "the Privacy Act, Rule 6(e) [of the Federal Rules of Criminal Procedure], or other statutes that prohibit release," such as the National Security Act).

1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*