# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD and BUZZFEED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, <u>et al.</u><br><br>Defendants.<br><br>───────────────<br><br>CABLE NEWS NETWORK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | **Case No: 1:19-cv-01278-RBW** |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF COMPLIANCE WITH COURT ORDER AND THE DECLARATION OF MARK R. MEADOWS

Plaintiffs Cable News Network, Inc. and Jason Leopold and BuzzFeed, Inc. (together "Plaintiffs") hereby submit this response to Defendant's Notice of Compliance with the Court's Order and the Declaration of Mark R. Meadows, the White House Chief of Staff.  *See* Dkts. 112, 112-1.

The Meadows Declaration filed today confirms that President Trump's recent tweets, announcing that he had "fully authorized the total Declassification of any & all documents,"[1] were the President's unambiguous instructions for the declassification of <u>all</u> materials related to Special Counsel Mueller's investigation.  This new declaration attests that a year and a half ago, when the President ordered Attorney General Barr to begin the declassification process,[2] his order meant that the Attorney General should complete the "total Declassification" of all records with "No redactions!"

Notably, the White House Memorandum of May 2019 coincided with the commencement of this FOIA litigation seeking, *inter alia*, the FD-302s from the Special Counsel's investigation of Russian interference in the 2016 election.  The White House and DOJ have now made clear that, despite 18 months of DOJ's vigorous arguments in this Court to support countless redactions to these public records, DOJ has all along been operating under a White House mandate to release the records with "No redactions!"  Indeed, the President himself, in his tweets, appears as frustrated as the Plaintiffs and the American public with the delays in the declassification process.  The tweets make clear that the President believed those tasked with declassifying the records – and Mr. Meadows makes clear that the President means Attorney General Barr – must "Act!!!"

The Meadows Declaration's statement that the President's tweets "do not require the declassification or redaction of any particular documents" is entirely beside the point.  According

---

[1] *See* https://twitter.com/realdonaldtrump/status/1313640512025513984; https://twitter.com/realdonaldtrump/status/1313650640699224069.

[2] *See Memorandum on Agency Cooperation with Attorney General's Review of Intelligence Activities Relating to the 2016 Presidential Campaigns*, Presidential Memoranda (May 23, 2019) (https://www.whitehouse.gov/presidential-actions/memorandum-agency-cooperation-attorney-generals-review-intelligence-activities-relating-2016-presidential-campaigns/).

to Mr. Meadows, the President was referring in this month's tweets to his previous instruction to the Attorney General.  We now understand that the President in his May 2019 Memorandum instructed the Attorney General, as the tweet commands, to ensure the "the total Declassification of any & all documents" with "No Redactions!"  The May 2019 instruction, according to the Meadows Declaration's interpretation of the tweets, required complete and prompt compliance.

The President's statements on this matter could not be more clear.  The consistent instruction from this Court – that the public should have maximum access to these public records in advance of the November 3 Presidential Election – also could not be more clear.  Finally, the Meadows Declaration could not be more clear that, rather than rescinding his tweets, the President has reinforced the comprehensiveness of his May 2019 instruction to the Attorney General and the speed with which he expects his order to be carried out.

For these reasons, and on this record, the Court should order the DOJ to immediately begin the release of the FD-302s without the redaction of any material previously withheld as classified material or under any discretionary exemption.

Dated: October 20, 2020                Respectfully submitted,

/s/ Charles D. Tobin
Charles D. Tobin (D.C. Bar No. 455593)
tobinc@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 661-2200
F: (202) 661-2299
*Counsel for Cable News Network, Inc.*

/s/ Matthew V. Topic
Matthew Topic

3

(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
DC Bar No. IL0037
*Counsel for Leopold and BuzzFeed, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I caused the foregoing to be filed and served

electronically via the Court's ECF System upon counsel of record.


Dated:  October 20, 2020                        /s/ *Charles D. Tobin*
                                                           Charles D. Tobin